## Commonwealth ex rel., Appellant, *v.* Wenner.

*School law—School directors—Residence of pupils.*

Where school directors, in the exercise of sound discretion and honest judgment, decide that certain children are not residents of the district, and therefore not entitled to attend the schools of the district, their decision cannot be reviewed by a court and jury.

Argued April 13, 1905. Appeal, No. 47, Jan. T., 1905, by

plaintiffs, from order of C. P. Luzerne Co., May T., 1904, No. 179, on petition for mandamus in case of Commonwealth ex rel. Ira Boyd v. W. B. Wenner, et al., School Directors of Nescopeck Borough. Before MITCHELL, C. J., BROWN, MES-TREZAT, POTTER and ELKIN, JJ. Affirmed.

Petition for mandamus.

WHEATON, J., filed the following opinion :

The relator demands an issue, to be determined by a jury.

The facts which he seeks to have so determined are, (1) whether relator is or is not a resident of the school district of Nescopeck borough, and (2) whether the children of the rela-tor named in the petition for mandamus, are or are not residents of said school district.

The proposition of law set out in the traverse, that said children are entitled to attend the common schools of said dis-trict, is dependent upon the settlement of the questions of fact stated.

School directors are required by the Act of May 8, 1854, P. L. 617, " to establish a sufficient number of public schools for the education of every individual between the ages of six and twenty-one years, in their respective districts."

The residents of one school district are not entitled to free admission to and education in schools of an adjoining district. The taxes levied by a school district are for the education of the children of that district, and are not applicable to the educa-tion of the children of another district.

Mere physical presence of a child in the district is not suffi-cient to give it the right to attend the common schools of that district: Com. v. Upper Swatara Twp. School Dist., 164 Pa. 603 ; Com. v. Directors Brookville Boro. School Dist., 164 Pa. 607.

When the question of residence and right to admission is therefore raised it is for the determination of the board of di-rectors of the particular district.

The decision of the board, after hearing and investigation, is quasi judicial.

That a judge or jury might reach a different conclusion upon the evidence presented is of no concern.

As was said by Mr. Justice CLARK, in McCrea v. Pine Twp. School District, 145 Pa. 550, " The board, by the statute, is empowered both to employ teachers, and for any one of these causes to dismiss them."

So, in the case at bar, being required by the statute to establish a sufficient number of public schools for the education of every individual between the ages of six and twenty-one years, in their respective districts, they are equally required to protect those schools from the encroachments of those who are not entitled to admission therein.

It would greatly impair the government and efficiency of the common schools if the honest judgment and the discretion of the board, exercised in good faith, could be reviewed and reversed by a jury.

The answer to the alternative writ in the case at bar, sets out that " respondents as a board of school directors investigated the matter of said Boyd's residence (and) were unanimously of the opinion that he was a nonresident."

This is not traversed, nor is the fairness and thoroughness of this investigation brought into question.

The depositions, taken by agreement of both parties, amply sustain the allegation of investigation by the board, and its fairness, and the only complaint seems to be, that the board has not reached such a conclusion as to the fact of nonresidence as a jury might reach.

But, if my view of the law is correct, it is immaterial what a jury might find, and the trial judge would be bound to so instruct.

For this reason, therefore, it would be useless to grant an issue, and the law does not require it.

*Error assigned* was the order of the court refusing the issue.

*D. O. Coughlin*, for appellant.

*George K. Powell*, for appellees.

PER CURIAM, May 1, 1905:
This judgment is affirmed on the opinion of the court below.