## Hay's Appeal

*Uhl, Ealy & Uhl*, for appellant.

*C. L. Shaver*, for school district.

BOOSE, P. J., August 18, 1937.—This is an appeal petition by George E. Hay, a professional employe of the School District of the Township of Lincoln, from the action of the board of school directors of said school district in dismissing or refusing to reëlect him, under the provisions of the Act of April 6, 1937 (no. 52), commonly known as the Teachers' Tenure Act. Petitioner appellant alleges, as his belief, that he "has been unjustly and illegally dealt with by the said board of school directors", and is "aggrieved by the action of said board", and, therefore, appeals therefrom, and requests a hearing de novo.

Without reciting the undisputed averments contained in appellant's petition, we may find the following

### Facts

1. George E. Hay, appellant, was, on April 17, 1936, duly elected as a teacher of the intermediate grade of the Bell School in said school district for a period of eight months at an annual salary of $800, and entered into a written contract for said employment.

2. At a meeting of the board of school directors of said district, held on January 1, 1937, it was decided that a

notice should be given to all teachers in said district that their contract of employment would be terminated at the end of the school term. This notice was served upon all teachers.

3. Appellant's school term ended on April 26, 1937.

4. On April 17, 1937, the board of school directors of said district elected teachers for the ensuing year, not including appellant.

5. At a meeting of the board held on April 30, 1937, with only three members in attendance, the teachers of the district turned in their reports and were paid their last month's salary. At said meeting, appellant made inquiry, first of Clark Miller, secretary, then of all the members present, as to why he had not been reëlected as a teacher in said district. A verbal altercation ensued, in which appellant, in a heated and angry manner, accused the members of the board of not being men of their word, unfit to hold their office, inviting one of the members, P. C. Ogline, to engage in a physical combat, and finally threatened that he would get even with them, the members of the board.

6. At a subsequent special meeting of the board, with all members present, held on May 26, 1937, a resolution was offered and adopted accusing appellant of improper conduct as a teacher, refusing his reëlection, preferring charges of incompetency, intemperate language, etc., and fixing June 11, 1937, as the time for giving appellant an opportunity to be heard in person and by counsel before the board.

7. At said meeting held on June 11, 1937, with all members present except one, witnesses were heard in support of and in contradiction of the charges contained in the aforesaid resolution, and a stenographic record was made of the proceeding, as required by law.

8. At a subsequent meeting held on June 18, 1937, the board, after hearing arguments of counsel and deliberation of the testimony, unanimously sustained the charges preferred against appellant and furnished him with a

written notice of their action and a copy of the testimony to his counsel.

9. On June 25, 1937, appellant's counsel presented his petition for an appeal from the aforesaid action of the board, whereupon the court, in obedience to the requirements of the above-cited act, fixed Friday, July 9, 1937, for the hearing of said appeal.

10. At said hearing, it was stipulated and agreed by counsel for appellant and appellee that the stenographic notes of testimony taken before the board should be considered and regarded by the court with the same force and effect as if the witnesses were actually called and testified under oath in court.

## Discussion

Additional facts might be found from the testimony, but the foregoing findings of fact sufficiently present the question involved. It is, as stated by appellee's counsel:

"Can the action of the Board of School Directors of Lincoln Township, in refusing to elect George E. Hay as a teacher in Lincoln Township and in sustaining the charges as set forth in paragraph 5 of his petition, be sustained?"

Notwithstanding the very able and earnest manner in which counsel for appellant and appellee have presented the case, they have obviously failed to observe the distinction between the termination of a contract with a professional employe and the dismissal or refusal to reëlect such employe. This might be called a distinction without a difference, as the result, in either event, is the same, the ending of employment. But the Act of April 6, 1937, makes this distinction, as to both causes for ending the employment of a professional employe and the procedure to be followed. There is a marked distinction between the termination of a contract and the dismissal of a teacher, now called professional employe. The courts have recognized this distinction: Snyder v. Washington Township School Dist., 117 Pa. Superior Ct. 448; Gerlach v. School District of Little Beaver Twp. et al., 119 Pa. Superior

Ct. 520. The purpose of this act is plain. It is to perpetuate the contracts of professional employes with school boards and to prevent their termination except for designated causes. Under its provisions, a contract may be terminated in one of two ways: (1) By the professional employe by written resignation presented 60 days before it becomes effective; (2) by the board of school directors by official written notice presented to the professional employe, designating the cause for the termination and stating that an opportunity to be heard shall be granted if the said employe within 10 days after receipt of the termination notice presents a written request for such a hearing. The act further provides:

"The only valid causes for termination of a contract in accordance with the provisions of this section shall be— Immorality, incompetency, intemperance, cruelty, wilful and persistent negligence, mental derangement, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe, or substantial decrease in the number of pupils or students due to natural causes."

It is conceded that appellant's contract of employment was in effect at the enactment of said act, and that the same could not be terminated except in accordance with the provisions thereof. But it is manifest that this proceeding is not an appeal from the alleged unlawful termination of a contract by the board. If so, the appeal would have to be dismissed as the procedure prescribed by the act has not been followed. It must be regarded and treated as an appeal from the dismissal or refusal of reëlection by the board of the appellant as a professional employe.

Here, we encounter more serious difficulty with the proper interpretation of the act. Under section 2, amending section 1205 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243, it is provided, inter alia, that before any professional employe is dismissed or refused reëlection by the board of

school directors the secretary of the school district shall furnish such employe with a detailed written statement of the charges upon which his or her dismissal or refusal of reëlection is based, together with a written notice signed by the president and attested by the secretary of the board of a time and place when and where such employe will be given an opportunity to be heard either in person or by counsel, or both, before the board. Later provisions provide for time of hearing, stenographic record, issuing of subpœnas, findings by a two-third vote to be recorded by roll call sustaining or dismissing such charges or complaints, notice to the employe of the decision of the board, and provide for an appeal by the employe to the court of common pleas.

The present appeal raises this question: Was petitioner, as such professional employe, legally dismissed or refused reëlection by the board of school directors?

At a meeting of the board held on April 17, 1937, teachers were elected for the school year of 1937-38, but petitioner was refused reëlection. The reason for this action does not appear upon the minutes of said meeting, nor was the meeting preceded by a detailed written statement of charges served upon petitioner, etc., as required by the act. This was probably due to the fact that the board was not familiar with the requirements of the Teachers' Tenure Act. However, at the meeting held on April 30, 1937, with only three members present, petitioner appeared and made inquiry as to why he had not been reelected. A verbal altercation followed, in which petitioner in an angry, boisterous, and insolent manner accused the members of the board of not being men of their word, unfit to hold their office, inviting one of the members to engage in a physical encounter, and finally threatened that he would get even with them. At a subsequent special meeting of the board, with all members present, held on May 26, 1937, a written resolution was offered and adopted accusing petitioner of improper conduct as a teacher, refusing his reëlection, preferring charges of in-

competency, intemperate language, and other improper conduct, and fixing June 11, 1937, as the time for giving him an opportunity to be heard in person and counsel before the board. After said hearing, conducted according to law, the board, on June 18, 1937, took action unanimously sustaining the charges previously preferred against petitioner and furnished him with a written notice of their action and a copy of the testimony to his counsel. The action of the board in refusing to reëlect petitioner and later dismissing him may have been somewhat irregular, but we have heard the case de novo, and it is our duty, under all the evidence, to affirm or reverse the action of the board of school directors.

Section 1208 of the School Code, supra, provided:

"Any principal or teacher employed in any school district may be dismissed, at any time, by the board of school directors, on account of immorality, incompetency, intemperance, cruelty, negligence, or for the violation of any of the provisions of this act: Provided, That before any principal or teacher is dismissed he shall be given an opportunity to be heard, after reasonable notice in writing of the charges made against him."

But this section has been expressly repealed by section 8 of the Act of April 6, 1937, without being supplied by any other provision specifying the causes for which an employe may be discharged or refused reëlection; unless it was intended that the same causes for the termination of a contract shall operate as grounds for dismissal or refusal to reëlect. It is inconceivable, however, that the legislature intended to strip boards of school directors of their inherent right and power to dismiss or refuse to reëlect an employe for proper cause. If this was the purpose of the act, then what was the necessity of prescribing the procedure to be followed in case of dismissal or refusal to reëlect a professional employe. Evidently, this was not the intention of the act. Any other conclusion would lead to intolerable consequences. The present case affords an apt illustration: Where, as here,

the teacher displays ungovernable temper toward the board of school directors, accuses them of untruthfulness and unfitness to hold their offices, invites one of the members to engage in a physical encounter, and threatens to get even with them, he has rendered himself wholly unfit and incompetent for further employment by the board of said school district. To compel the board, under such circumstances, to reinstate and reëlect him as a teacher would be subversive and detrimental to the best interest of the public schools in said district. This we must decline to do.

In concluding, it must be observed that no complaint has been made, nor has it been shown by the testimony that the board of school directors acted corruptly, in bad faith, or in abuse of their powers. In fact, petitioner's counsel very frankly and candidly conceded that the board acted honestly in the exercise of what they believed was for the best interests of the schools under their control and supervision. The minutes of the school board are the best evidence of their action in dismissing a school teacher for cause, and in the absence of corruption, bad faith or a clear abuse of power, they are conclusive. This principle runs through all our decisions: Whitehead v. North Huntingdon School Dist., 145 Pa. 418; McCrea v. Pine Township School Dist., 145 Pa. 550; Commonwealth, ex rel., v. Wenner, 211 Pa. 637; Toye v. Exeter Borough School Dist., 225 Pa. 236, and many other cases to the same effect which might be cited. The boards of school directors are clothed with a wide and wise discretion, and it is not to be believed that the act now under consideration and construction was intended to uproot all these decisions. If so, it will be the province of the proper appellate court to so construe the act and declare the law. Accordingly, we now enter the following

*Order*

Now, August 18, 1937, it is ordered and directed that the action of the Board of School Directors of the School District of the Township of Lincoln in dismissing peti-

tioner and refusing his reëlection as a professional employe in said district is affirmed, and appellant shall pay the costs of this proceeding, except the cost of the stenographic record of the testimony heard and taken before the board at the hearing of such charges, which shall be paid by appellee.

From Mrs. Daryle R. Heckman, Somerset.