Horvat *v.* Jenkins Township School District,
Appellant.

Argued December 6, 1939. Before SCHAFFER, MAXEY,
DREW, LINN, STERN and BARNES, JJ.

*W. L. Pace,* for appellant.

*James P. Harris,* with him *William A. Valentine,* for appellee.

OPINION BY MR. JUSTICE DREW, January 2, 1940.

This appeal is by the Jenkins Township School District from the entry of a judgment against it for $5,903.60, in payment of the claim of plaintiff, Henry R. Horvat, for salary as supervising principal. The case was tried before a judge, sitting without a jury, and his decision was unanimously affirmed by the court in banc, composed of five judges.

Plaintiff received his first contract from the School District on July 2, 1934, at which time he was hired at a salary of $3,150 for two years. On August 21, 1935, the School Board, consisting of the same members, cancelled this contract, appointed plaintiff for a new term of three years at a salary of $3,500, and entered into the written contract sued upon in this action. As a result of the November, 1935, election, four of the old directors were succeeded by new members. On February 3, 1936, the new Board by resolution declared void the three year contract of August 21, 1935, and made demand upon plaintiff to surrender the contract, but plaintiff refused to give up his position or his contract.

On March 4, 1936, plaintiff was given notice by the Board that charges of incompetency, negligence and violation of section 1613 of the School Code of May 18, 1911, P. L. 309, in failing on or before the opening of the school term of 1935-36 to furnish each teacher or principal a true copy of the standing of each pupil, had been made against him and that a hearing would follow two days later. At the hearing plaintiff appeared with counsel. Immediately after the hearing, a motion to dismiss the charges was made, but the vote on the same was three to three. No motion was made to sustain the charges.

On July 6, 1936, the Board, by resolution, sustained the charges, dismissed plaintiff and appointed Aloysius G. Ford in his stead. A preliminary injunction was obtained by plaintiff restraining the Board from effecting his removal. The injunction was dissolved on November 1, 1936, and about two weeks thereafter a motion was made and passed by the Board to sustain the charges made against him eight months before. Plaintiff was dismissed and Ford succeeded him the next day. Plaintiff had continued to act as supervising principal and was recognized by the Board as such until the date of his final dismissal, on November 17, 1936. He held himself ready to perform his contract from that time until his appointment to a similar position by the Swoyerville School District on July 16, 1937. He claimed salary lost to the time he obtained the new position. In the interim, as the court below found, he made diligent effort to get employment, but was unable to do so prior to being employed by the Swoyerville District.

There is no foundation for defendant's contention that the three year contract of August 21, 1935, was void and not binding upon the succeeding Board. At the time plaintiff was first engaged, he held another position, and to assure him some security in the new place, certain members of the Board promised him a three year contract should he prove satisfactory at the end of a year. The new contract was executed shortly after the expiration of the first year, and at the meeting when all teachers were passed upon for the ensuing year. There is not one bit of testimony to indicate that by the contract the Board sought in any manner to do anything it had not the legal power to do. Since the Board had the power to elect, and did not abuse its discretion, there is nothing to indicate it did not act in the public interest. As the contract was valid when made, a subsequent Board could not undo what the former Board had legally done: *Altman v. Uniontown School District,* 334 Pa. 336, 340;

*State ex rel. Campe v. Board of Education of Loudon District,* 94 W. Va. 408.

The sole remaining inquiry is whether the new Board acted in bad faith in the conduct of the hearing which led to plaintiff's dismissal. On this issue the learned court below said: "We are not impressed by the second ground of defense interposed to plaintiff's claim, namely, the discharge of plaintiff by the board for alleged violation of Section 1613 of the School Code. The charge against plaintiff, we think, was trivial and technical, and we are convinced it was set up as a mere pretext to get rid of the plaintiff." The record fully substantiates this finding. Those testifying at the hearing were in complete accord that plaintiff was a capable and efficient educator and that the schools had improved under his supervision. The court below correctly found that there was no evidence before the Board that Section 1613 was violated by plaintiff, and that no evidence was adduced justifying his dismissal. It was shown that he furnished the principals and teachers cards upon which the necessary information was filled in, under his supervision, prior to each school term. In this very action one of the directors, Joseph Waxmonsky, said that plaintiff was the best supervising principal the township ever had. The bad faith of the Board is further shown by the fact that, though immediately after the hearing they lacked votes enough to discharge plaintiff, eight months later a majority voted to sustain the charges, though in the meantime, no further hearing was held, and no further charges preferred, and one director, Nuayokas, voted though he was not present at the hearing and never saw a transcript of the testimony. The entire circumstances surrounding the Board's action corroborate plaintiff's assertion on the witness stand that one of the directors informed him that he was dismissed because two other directors had made a "pre-election promise" to his successor. From the evidence it is clear that the hearing was irregular and partisan and that the dis-

missal was wrongful. It follows that plaintiff is entitled to recover his salary: *Snyder v. Washington Township School District,* 117 Pa. Superior Ct. 448. He is not limited to the amount due at the time of the writ, but can quite properly include in his claim full damages for the breach of contract: *Wilke v. Harrison Bros. & Co.,* 166 Pa. 202.

Judgment affirmed; appellant to pay costs.