## Union Township v. Union Township Police Association

C.P. of Lawrence County, no. 70002 of 2006, M.D.

*Gabriel P. Cilli,* for plaintiff.
*Eric C. Stoltenberg,* for defendant.

HODGE, *J.,* January 30, 2007—This case was before the court on October 31, 2006, for a non-jury trial, on a complaint for declaratory judgment filed by the plaintiff, Union Township, against the Union Township Police Association, pursuant to the Declaratory Judgment Act, 42 Pa.C.S. §7531 et seq.

The Township is requesting in its prayer for relief of its complaint an adjudication that the November 14, 2005 collective bargaining agreement extension (C.B.A. extension) and the December 20, 2005 addendum to the C.B.A. extension are null, void, and unenforceable by the Police against the Township. In addition, the prayer for relief requests an adjudication that the 2004-2006 C.B.A. is the only valid and enforceable C.B.A.

The Township is also requesting in its prayer for relief the assessment of counsel fees and other relief against the police.

The Police have filed an answer to the complaint, admitting paragraphs 1 through 10 of the plaintiff's

complaint, and averring that the C.B.A. extension of November 14, 2005 and the addendum to the C.B.A. extension of December 20, 2005 are valid agreements of the Township. In addition, the Police answer alleges that neither the C.B.A. nor Act 111 require a vote of the municipality in order to reopen negotiations between the Police and the Township.

At the non-jury trial, the court received the testimony of witnesses for the Township, Clair Damon, Kevin Guinaugh, and Sally Byler. In addition, the Township's exhibits numbers 1 through 33 were marked, admitted, and received by the court.

Testifying on behalf of the Police were Steven Galizia, Patrick Angiolelli, and David Edward Kingston. In addition, defendant's exhibits A through G were marked and received by the court into evidence.

By way of factual background, it is undisputed that on May 18, 2004, the Township and the Police entered into a collective bargaining agreement at a special meeting of the Union Township Board of Supervisors, pursuant to Act 111 of June 24, 1968, P.L. 237, number 11, 43 P.S. §217.1 et seq. See plaintiff's exhibit no. 5, the minutes of the special meeting of May 18, 2004.

Admitted into evidence as plaintiff's exhibit no. 1 was the collective bargaining agreement for the time period of January 1, 2004 through December 31, 2006. Pursuant to article 2, section 2 of the 2004-2006 C.B.A., prior to January 1, 2006, the C.B.A. may be reopened and negotiations/arbitrations may be engaged in the manner directed by Act 111.

In calendar year 2005, the Union Township Supervisors were Steven Galizia, Patrick Angiolelli, and Kevin Guinaugh. Supervisor Galizia's term of office as a township supervisor expired on January 3, 2006. On January 3, 2006, Clair Damon assumed the office of Union Township Supervisor, following his election to that position on November 8, 2005.

The Township asserts that the Police did not begin negotiations for an extension of the collective bargaining agreement at least six months prior to the start of the fiscal year, in that the Township had no record of any dealings or notice of any dealings between the police and the Township until October of 2005, at which time the Township received a notice of intent to bargain. See plaintiff's exhibit no. 33, being a letter from Mark Julian of the Police Department dated October 14, 2005. This notice, however, was one year and two and one-half months prior to the expiration date of the original C.B.A., being December 31, 2006.

For calendar year 2005, Supervisor Galizia acted not only as chairman of the Board of Supervisors, but had been appointed at the 2005 reorganizational meeting of the Board of Supervisors as the liaison person by and between the Township and the Police Department. The Township argues in its brief that there was no action of the municipality authorizing Supervisor Galizia to reopen negotiations with the Police. However, the Township points to no statute or case law to support its proposition that action of the municipality is required in order to reopen a collective bargaining agreement containing a re-opener clause.

The legal advertisement for the November 14, 2005 special meeting was published in the *New Castle News* on November 11, 2005. The legal notice advertised a special meeting for the purpose of "personnel matters," but did not refer to the adoption of a collective bargaining agreement.

The Township takes the position that the notice was insufficient for the Township to vote on the collective bargaining agreement pursuant to section 65504 of the Township Code. As a result, the Township is alleging that the original extension agreement is void and unenforceable.

The minutes of the November 14, 2005 special meeting, plaintiff's exhibit no.7, indicate that the C.B.A. extension agreement was approved by a vote of two to one, with Supervisor Kevin Guinaugh voting no.

Plaintiff's exhibit no. 14, being the December 20, 2005 regular meeting agenda, approved the minutes of the November 14, 2005 special meeting.

The Township also seeks to void the addendum to the C.B.A. extension agreement dated December 20, 2005, arguing that the addendum was not on the agenda on the December 20, 2005 regular meeting, plaintiff's exhibit no. 14, and that the minutes of the December 20, 2005, meeting make no mention of a vote on the addendum to the C.B.A. extension agreement. See plaintiff's exhibit no. 13. On December 27, 2005, the Township supervisors held a special meeting, and the minutes reflect that the Board of Supervisors approved the minutes of December 20, 2005, in which there is no mention of a vote on the C.B.A. extension addendum. See plaintiff's exhibit no.

15. The Township argues that since there were neither minutes nor a resolution produced authorizing the addendum to the C.B.A. extension agreement, the addendum is void and unenforceable against the Township pursuant to the provisions of the Second Class Township Code.

In addition, the Township argues that the provisions of the Second Class Township Code require that the addendum, being an official action of the Board of Supervisors and being required to be done at a public meeting, must be signed by more than one supervisor, as there is no resolution authorizing one supervisor to sign the addendum agreement on behalf of the Township.

In addition, the Township argued by virtue of its testimony and in its brief that the original C.B.A. extension agreement is null and void as a "lame duck or midnight contract" pursuant to the line of appellate court cases that have held that in the performance of governmental functions, discretionary public commitments cannot be made by officials in office where those commitments will unduly bind their successors in office and where such commitments are made "ultra vires."

The Police, pursuant to their testimony and the arguments contained in the brief, assert that the parties engaged in lawful, voluntary mid-term bargaining, which is permitted in the C.B.A. as a re-opener, and that mandatory bargaining would not have to begin until June 30, 2006, which would be six months prior to the start of the fiscal year of the Township for the last year of the C.B.A. The Police assert that there is no statutory nor contractual bar to public bargaining of the collective bargaining extension prior to that time.

The Police assert that the Township had the authority to vote on the five-year extension agreement at the November 14, 2005 special meeting, in that the advertisement of November 11, 2005 complied with the requirements of the Second Class Township Code for Special Meetings, set forth at 53 P.S. §65604, which only requires that the nature of the business to be conducted be stated in the notice. The Police go on to assert that the Sunshine Act, 65 Pa.C.S. §701 et seq., specifically section 708(a), does not contain any requirement for the purpose of the meeting.

The Police assert that the Township has admitted the validity of the C.B.A. as enacted on May 18, 2004 for the time period January 1, 2004 through December 31, 2006. The advertisement and the minutes for the May 18, 2004 meeting, plaintiff's exhibits nos. 6 and 5, indicate that there was a special meeting for general purposes, which the Police assert is less specific than the November 14, 2005 special meeting. The police go on to assert that there is no basis for the conclusion that the November 11, 2005 notice of the special meeting of November 14, 2005 failed to comply with notice requirements of the Second Class Township Code.

As to the addendum adopted on December 20, 2005, the Police assert that the addendum has no issue similar to those of the extension agreement, in that the December 20, 2005 meeting was a regular meeting of the Union Township Board of Supervisors.

The Police go on to assert that the December 20, 2005 addendum is valid and legally enforceable, in that it was adopted at a regular meeting of the Board of Supervisors. Supervisors Galizia and Angiolelli testified to its adop-

tion, and the Police assert that while the minutes of the meeting are sparse, there being no specific mention of the presentation nor adoption of the addendum, the Township did take official action hiring Officer Mrozek under the addendum containing separate and newly negotiated pension provisions. The Township secretary was absent at the December 20, 2005 meeting, and Supervisor Galizia testified that the minutes of the meeting were prepared from his notes.

The Police go on to assert that there is no requirement as to any specific number of signatures on a collective bargaining agreement, only that the collective bargaining agreement be voted on and approved.

The record did not include any resolutions specifically authorizing Supervisor Galizia to sign the collective bargaining agreement extension or addendum. However, the extension agreement was signed by both Supervisor Galizia and Angiolelli, plaintiff's exhibit no. 1, while the addendum agreement dated December 20, 2005 was signed only by Supervisor Galizia. See plaintiff's exhibit no. 7.

The Police go on to assert that, pursuant to the Declaratory Judgment Act, 42 Pa.C.S. §7531 et seq., the challenge to the Township Code is barred by the statute of limitations. Police argue that section 65604 of the Township Code incorporates section 713 of the Sunshine Act, and that all legal challenges to the action of the Board of Supervisors must be done within 30 days. The Police assert that the Township knew at the latest, on January 5, 2006, that the mandated notices were not present in the legal advertisements, but that the Township

did not file its declaratory judgment action until February 15, 2006.

Counsel for the Police have forwarded to the court a copy of the Pennsylvania Labor Relations Board order dated November 30, 2006, case number PF-C-06-18-W. In that the record in the case was closed at the conclusion of the testimony on October 31, 2006, except for the filing of briefs and legal memorandum on behalf of both parties, this court has not considered in any manner the order of the P.L.R.B. dated November 30, 2006.

Fundamental to the court's decision in this case are the issues of whether or not the collective bargaining extension agreement was validly enacted by the prior Board of Supervisors of Union Township, and whether or not the collective bargaining extension addendum was properly enacted by the prior Board of Supervisors of Union Township.

Section 65604 of the Second Class Township Code, 53 P.S. §65604, "special meetings," provides as follows:

"Upon call of the chairman or by agreement of a majority of its members, the board of supervisors may schedule special meetings of the board of supervisors after notice required under the Act of July 3, 1986, known as the 'Sunshine Act.' Notice of a special meeting shall state the nature of the business to be conducted at the meeting."

Pursuant to the Sunshine Act, 65 Pa.C.S. §701 et seq., specifically section 709, special meetings may be called by an agency of the Commonwealth, such as a township, which provides as follows:

"709(a) meetings . . . an agency shall give public notice of each special meeting or each rescheduled regular or special meeting at least 24 hours in advance of the time of the convening of the meeting specified in the notice."

The record in this case establishes that on November 11, 2005, the Township published notice of the special meeting of November 14, 2005, in the *New Castle News.* That notice indicated that the purpose of the meeting was to consider personnel matters.

The record establishes that one purpose of the November 14, 2005 meeting of the Union Township Board of Supervisors was to hire a new township solicitor, in that the prior solicitor, Attorney Joseph J. Kearney, had resigned, and the Township was in need of a solicitor to proceed with the adoption of the Code Enforcement Ordinance.

The Township asserts that the legal notice of the meeting was insufficient, in that it did not specifically refer to the consideration of the collective bargaining agreement. The union's response is that the collective bargaining agreement extension obviously involves matters of personnel issues, *i.e.,* wages, pensions, hours, and terms of employment. The court has reviewed the provisions of section 708 of the Sunshine Act, 75 Pa.C.S. §708, wherein the legislature has provided that an agency may hold an executive session for one or more of the following reasons:

"(a) purpose:

"(1) to discuss any matter involving the employment, appointment, or termination of employment, terms and

conditions of employment, evaluation of performance, promotion or disciplining of any specific perspective public officer or employee, or current public officer or employee employed or appointed by the agency . . . ."

The court finds that the adoption of a collective bargaining agreement is encompassed within the general purview of the term personnel issue, and as a result, the court will not enter an order voiding the adoption of the collective bargaining agreement extension on November 14, 2005. The court, in doing so, is not expressing an opinion one way or another relative to the prudence of the extension agreement and the terms set forth therein.

As to the adoption of the collective bargaining agreement extension addendum on December 20, 2005, that issue was allegedly adopted by the Township at the regular monthly meeting of the Board of Supervisors. As a result, the issue as to the sufficiency of the legal notice of the advertisement of the meeting is not before this court.

The agenda for the December 20, 2005 meeting of the Union Township Board of Supervisors contains no mention whatsoever of adoption of an addendum to the collective bargaining extension agreement. See defendant's exhibit E. The minutes of the regular meeting of the Union Township Board of Supervisors of December 20, 2005, contain no mention whatsoever of the alleged adoption of the collective bargaining agreement extension by the Township Supervisors. It is interesting to note that the minutes of the regular meeting of December 20, 2005, as presented to the court, are very specific, and contain 11 separate items of which there were motions

made by the Board of Supervisors, including, under sub-paragraph 9(g), new business—personnel matters, a motion by Mr. Galizia to hire Mike Mrozek as a full-time officer, and seconded by Mr. Angiolelli, with the votes being yes from Mr. Galizia and Mr. Angiolelli, and no from Mr. Guinaugh.

The following week at the December 27, 2005 special meeting of the Board of Supervisors, the board entered a motion approving the minutes of the meeting of December 20, 2005.

Nowhere in the minutes of the December 20, 2005 meeting is any mention made of the adoption of the addendum to the collective bargaining extension agreement of November 14, 2005. The Police would have the court believe that this was an oversight, in that the Township's secretary, Kathy Schmidt, was absent, and that the minutes were prepared by Mr. Galizia from his notes.

While Supervisor Galizia and Supervisor Angiolelli testified that the collective bargaining extension addendum was voted on at the meeting, the Township's witnesses, Clair Damon and Sally Byler, testified that it was not.

Pursuant to the provisions of the Second Class Township Code, section 65603, 53 P.S. §65603, "an affirmative vote of a majority of the entire board of supervisors at a public meeting is necessary in order to transact any business."

Section 65606 of the Second Class Township Code, 53 P.S. §65606, also requires that the board of supervisors provide for the recording of minutes in its proceedings, as evidence of the proceedings of the board.

Under the Sunshine Act, 65 Pa.C.S. §703, agency business is defined as follows: "agency business—the framing, preparation, making or enactment of laws, policy, or regulations, the creation of liability by contract or otherwise or the adjudication of rights, duties, and responsibilities, but not including administrative action."

Clearly, the adoption of a collective agreement extension is creation of liability to the Township by contract, and, as such, needs to be adopted by the Board of Supervisors at a public meeting.

Official action is likewise defined in the Sunshine Act, 65 Pa.C.S. §703 to be as follows:

"(1) recommendations made by an agency pursuant to statute, ordinance or executive order.

"(2) the establishment of policy by an agency.

"(3) the decisions on agency business made by an agency.

"(4) the vote taken by any agency on any motion, proposal, resolution, rule, regulation, ordinance, report or order."

Clearly the records of Union Township are deficient in this matter as to the adoption of the collective bargaining agreement addendum, and, as such, the court will enter the attached order striking the alleged adoption of the collective bargaining agreement extension addendum by the Board of Supervisors of Union Township.

The Township's position is that the adoption of the November 14, 2005 collective bargaining agreement extension is a "lame duck" or "midnight contract," which

cannot be binding upon the Board of Supervisors of Union Township.

The Commonwealth Court has held that in the performance of governmental functions, discretionary public commitments cannot be made by officials in office where those commitments will unduly bind their successors in office or if such commitments are made "ultra vires." See *Lobolito Inc. v. North Pocono School District,* 722 A.2d 249 (Pa. Commw. 1998); *State Street Bank & Trust Company v. Treasury Department,* 712 A.2d 811 (Pa. Commw. 1998).

However, the Supreme Court of Pennsylvania, in the case of *Horvat v. Jenkins Township School District,* 337 Pa. 193, 10 A.2d 390 (1940), held that subsequent boards are bound by contracts validly made by former board members and cannot undo what the former board had legally done.

Sections 701 through 904 of the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, as amended, 43 P.S. §§1101.701-1101.904, provides the statutory authority for the Board of Supervisors of the Township to engage in negotiations and execute collective bargaining contracts with employee organizations. However, the execution of a collective bargaining agreement is not an impermissible attempt to unduly bind the successor board of supervisors. See *Chichester School District v. Chichester Education Association,* 750 A.2d 400 (Pa. Commw. 2000); see also, *Borough of Pitcairn v. Westwood,* 848 A.2d 158 (Pa. Commw. 2004).

In addition, the Police presented evidence that the Board of Supervisors of Union Township was in the

process of negotiating a four-year extension agreement for its municipal employees with the AFSME Union, which would be in effect past the expiration date of the term of office of at least one, if not two, members of the current Board of Supervisors. See defendant's exhibit no. A.

As a result, the court will not void the collective bargaining agreement extension as a "lame duck" or "midnight" contract.

Based upon the foregoing, the court will enter the attached order.

## ORDER

And now, January 30, 2007, after consideration of the evidence presented at the October 31, 2006 non-jury trial, and based upon the arguments of counsel both at the time of trial and as expressed in their legal memorandums, the court enters the following order:

(1) The collective bargaining agreement extension, dated November 14, 2005, shall remain in full force and effect as a validly adopted collective bargaining agreement of the Board of Supervisors of Union Township.

(2) The collective bargaining agreement extension addendum, dated December 20, 2005, is hereby declared to be null and void, as the alleged collecting bargaining agreement extension addendum was not properly adopted by the Board of Supervisors of Union Township.

(3) The court dismisses the Township's argument that the adoption of the collective bargaining agreement addendum was a "lame duck" or "midnight" contract, for the reasons set forth in the attached opinion.

(4) The court denies the Township's request for counsel fees in this matter.

(5) The court dismisses the Police argument that the litigation was not timely filed pursuant to the Sunshine Act and Second Class Township Code.

(6) The prothonotary shall properly serve notice of this order by regular mail or personal service upon counsel of record.