VEACH OIL COMPANY, Plaintiff-Appellant, *v.* RICHARD B. OGILVIE, Governor of the State of Illinois, *et al.*, Defendants-Appellees.

(No. 73-44;

Fifth District—September 12, 1974.

Harris and Lambert, of Marion, for appellant.

James W. Sanders, of Marion, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, Veach Oil Co., sought to enjoin certain state officials from exercising police powers as provided by section 4—210 of the Illinois Highway Code (Ill. Rev. Stat. 1971, ch. 121, par. 4—210). The trial court below dissolved a temporary restraining order against the appellees and dismissed appellant's complaint for permanent injunction. The trial court found that an injunction would not lie because appellant had adequate remedies at law.

We agree with the trial court.

Only those facts which will be necessary for a determination in this case will be recited. Appellant owned a service station at the corner of intersecting highways, and the State proposed to build curbing and entranceways around the service station, thereby causing limited access to the appellant's station. Through its appropriate agencies, the State instituted a condemnation proceedings (see companion case on appeal), and, upon the State's exercising its right to "quick take," the trial court awarded $70,000 to appellant as a preliminary just compensation for damages to the appellant. Thereafter, according to the appellant's complaint, the Department of Public Works (now Department of Transportation) through its employees informed appellant that appellant would have to agree to reduce the amount of the quick take to $50,000, and, if it did not do so, the State would cause the dismissal of the condemnation proceedings against the appellant. The appellee would then build the proposed curbing and entranceways around appellant's station pursuant to police powers provided by section 4—210 of the Illinois Highway Code (Ill. Rev. Stat. 1971, ch. 121, par. 4—210). Appellant refused to reduce "voluntarily" the amount of the quick-take award, and the State then dismissed its condemnation proceedings against appellant. The appellant claims that the State then began exercising its police powers by advertising and seeking to advertise for bids to construct the curbings and entranceways and that the Governor, Secretary of Transportation, Chief Engineer, and others were "about to let" a contract to build entranceways and curbings around the service station without paying compensation therefor. Appellant also claims that even before the condemnation action was instituted, it had relied on certain representations made by the State (namely: that part of appellee's land would be condemned) and accordingly, appellant had built a new garage at a cost of $13,201.85.

■■ The issue presented on this appeal is whether appellant has an adequate remedy at law which would bar injunctive relief. It is very clear to us that appellant does have an adequate remedy at law. The

Illinois Court of Claims was established to provide an adequate remedy at law for one who believes he has been damaged by the State of Illinois:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the State founded upon any law of the State of Illinois or upon any regulation thereunder by an executive or administrative officer or agency * * *." (Ill. Rev. Stat. 1971, ch. 37, par. 439.8.)

Appellant itself admits in its brief that it is not precluded from seeking damages in the Court of Claims. Injunctive relief is not a remedy to be casually invoked or lightly granted. This is especially true when an injunction is aimed at elected or appointed State officers exercising police powers pursuant to section 4—210 of the Illinois Highway Code (Ill. Rev. Stat. 1971, ch. 121, par. 4—210). In order to qualify for injunctive relief, the proponent must show that it is sustaining or is about to sustain an injury which would be irreparable (uncompensable) by money damages alone. Appellant has failed to show such irreparable injuries. Indeed, appellant alleges only that appellees seek to advertise for further bids for the building of the curbing and entranceways and are about to let a contract to build entranceways and curbing around such service-station property of Veach Oil Co. without paying compensation therefor. Such injuries are "reparable" by money damages which the appellant can seek in the Court of Claims.

In support of its position for injunctive relief against State officials, appellant cites *Joos v. Illinois National Guard*, 257 Ill. 138, as establishing that officers of the State who act under an unconstitutional law or who act outside or beyond the scope of their authority may be enjoined and cannot raise the bar of sovereign immunity. However, the *Joos* case is readily distinguishable from the instant case. In *Joos*, the supreme court affirmed the enjoining of an adjutant general and range officer from using a rifle range, the operation of which was endangering the lives as well as the property of citizens. In *Joos*, there was the need for immediate action. There is no such immediacy presented in the instant case. Indeed, appellant seeks not to enjoin what is being done but what is about to be done. In any event, such action is readily reparable and compensable by money damages in the Court of Claims.

Appellant also urges this appellate court to "engraft" a bad faith "doctrine" on the rules set down in *Joos* by holding that State officers are amenable to injunction suit and may not raise the bar of sovereign immunity when such State officers act in bad faith. In view of our finding that appellant has an adequate remedy at law and because it has failed

236

to show injury irreparable by money damages, we see no reason to consider the question of "bad faith" in its relation to an injunction suit against State officials.

The order of the trial court dissolving the temporary restraining order and dismissing the permanent injunction suit is affirmed.

Affirmed.

G. MORAN, P. J., and CREBS, J., concur.