HARPER COLLEGE FACULTY SENATE, Plaintiff-Appellee, *v.* BOARD OF TRUSTEES OF JUNIOR COLLEGE DISTRICT NO. 512 *et al.*, Defendants-Appellants.

First District (4th Division)    No. 76-662

Opinion filed August 4, 1977.

R. Theodore Clark, Jr., and Donald W. Anderson, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellants.

Gilbert Feldman, of Cornfield and Feldman, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The trial court entered a number of injunctive orders on the defendants, including an order for the defendants to bargain in good faith at certain specified places, times and dates. The defendants appeal from these orders.

The issues presented for review are (1) whether or not the circuit court had the jurisdiction and authority to enter these orders; and (2) whether or not the relief requested by the plaintiff was barred by the principles of res judicata. The appellees urge this court that the issues presented by this appeal are moot.

■■ Initially, this court recognizes the fact we could dismiss this appeal as being either moot or res judicata. However, it is the considered opinion of this court, as well as the mandates of the supreme court, that cases, as the instant one, require opinions to guide the trial courts of this State in matters which serve the public interest. As our supreme court said in *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622:

> "Because the function of courts is to decide controverted issues in adversary proceedings, moot cases which do not present live issues are not ordinarily entertained. The general rule is that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved or where the substantial questions involved in the trial court no longer exist, it will dismiss the appeal or writ of error.' *People v. Redlich*, 402 Ill. 270, 279.

> But when the issue presented is of substantial public interest, a well-recognized exception exists to the general rule that a case which has become moot will be dismissed upon appeal. (See cases collected in 132 A.L.R. 1185.) Among the criteria considered in determining the existence of the requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question."

Accordingly, we will discuss the merits of the case.

Although this appeal is only from the orders entered by Judge Cohen on April 28, 1976, May 10, 1976, May 11, 1976, and May 20, 1976, this court will take judicial notice of the fact this is the third suit filed by the plaintiffs concerning the same dispute. The original petition was for a rule to show cause and a mandatory injunction to bargain in good faith. This

petition was based on an injunction order issued by Judge Emmett Morrissey in case number 75 CH 3283 on June 30, 1975, which order enjoined the defendants from signing any employment contract which offered a salary lower than was agreed upon in a collective bargaining agreement. Subsequently Judge Joseph M. Wosik entered a temporary restraining order dated January 28, 1976, restraining the defendants from mailing contracts to the faculty or from threatening to communicate with the faculty. On February 6, 1976, the plaintiffs filed an action captioned "Petition For Declaratory Judgment and Mandatory Injunction to Bargain in Good Faith and Other Relief" which was docketed as 76 CH 690. Judge Wosik dismissed this action on February 24, 1976. Judge Wosik dissolved the temporary restraining order on April 26, 1976. On April 28, 1976, the plaintiffs filed the complaint in the instant case, together with their exhibits. The plaintiffs also filed a motion for a preliminary injunction and a temporary restraining order. Judge Cohen, on April 29, 1976, issued a temporary restraining order prohibiting the defendants from accepting or receiving contracts from any faculty member or from communicating with the faculty concerning any monetary benefits or salaries. On May 6, 1976, a hearing was held by Judge Cohen on the motion for a preliminary injunction. This hearing was continued until May 11. On May 10 the defendants filed their answer denying all the material allegations of the plaintiffs' complaint and setting forth three affirmative defenses. The defenses were (1) the relief requested could not be granted by the court as it was contrary to statute; (2) the defendants asserted the matter was res judicata; and (3) the benefit to the plaintiff was less than the detriment to the defendants, and the plaintiff had not alleged sufficient facts to show it would be irreparably injured if the relief was not granted. On May 11 after another hearing, Judge Cohen issued an injunction enjoining the Board from accepting or receiving contracts from the faculty, until June 1, 1976. On May 20, 1976, another hearing was held and Judge Cohen, at the conclusion of the hearing, issued a mandatory injunction which ordered the defendants to bargain with the plaintiff in good faith, at certain specified times and dates, according to a schedule set out by Judge Cohen. The order recited the hours which were to be devoted to bargaining, from 2 p.m. to 6 p.m. and from 7:30 p.m. to 10:30 p.m. every day except religious days, until the expiration of the collective bargaining agreement. From all of these orders the defendants appeal, as well as the denial of their motion to dissolve the temporary restraining order and to dismiss the complaint.

Both the appellants and the appellee agree the statutes controlling this litigation are the pertinent provisions of the Public Community College Act (Ill. Rev. Stat. 1975, ch. 122, par. 101—1 *et seq.*) Section 3—30 sets

forth the powers of the board, including section 3—42 of the Act, which provides:

> "To employ such personnel as may be needed, to establish policies governing their employment and dismissal, and to fix the amount of their compensation. * * *" (Ill. Rev. Stat. 1975, ch. 122, par. 103—22.)

It is clear from the language of the statute the board has a non-delegable duty to establish and maintain an employment policy, and this duty cannot be overcome by either the recognition agreement or any other contract. The Supreme Court said in the case of *Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127, 130:

> "The School Code imposed upon the defendant school board the duty to appoint teachers (sec. 10—20.7), and empowered it, subject to the provisions of sections 10—22.4 and 24—11 to 24—15, to terminate the employment of teachers by dismissal or the nonrenewal of probationary teachers' contracts. These are discretionary powers and may not be delegated. (*Lindblad v. Board of Education*, 221 Ill. 261, 271.)"

So too, in the instant case, the Act imposes duties on the members of the board which cannot be delegated, and these include the fixing of compensation for the teachers employed by the board. The existence of a recognition agreement in no manner or form changes the statutory duty of the board.

In addition, the use of a mandatory injunction by the trial court was improper. As this court said in *Veach Oil Co. v. Ogilvie* (1974), 22 Ill. App. 3d 233, 235:

> "Injunctive relief is not a remedy to be casually invoked or lightly granted. This is especially true when an injunction is aimed at elected or appointed State officers * * *."

■■■ In the instant case we are dealing with local elected officials who serve without pay. Judge Cohen selected two Board members by name and added the president of the college as a negotiating committee, and ordered them to sit as set forth hereinbefore. The court had no authority to make such selection or addition to the board, and the order is erroneous. It was an improper exercise of discretion for the trial court to require the trustees to absent themselves from their professions or businesses, by which they support their families, in order to attempt to force some sort of agreement between the board and the faculty before the recognition agreement expired. The trial court, as noted above, was without jurisdiction or authority to force the parties to bargain at all, much less on a forced basis such as the one here. We were advised by both parties, in oral argument, that a new recognition agreement has been

executed, and this opinion is intended as a guide for the trial court if there is litigation on this subject in the future.

Accordingly, for the reasons contained herein, the orders of the circuit court of Cook County are reversed.

Reversed.

JOHNSON and ROMITI, JJ., concur.