BRINK'S, INCORPORATED *et al.*, Plaintiffs-Appellees, *v.*, ILLINOIS COMMERCE COMMISSION, Defendant-Appellant—(WELLS FARGO ARMORED SERVICE CORPORATION, Intervening Defendant-Appellant.)

First District (4th Division)   Nos. 79-1145, 79-1322 cons.

Opinion filed December 6, 1979.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos, Special Assistant Attorney General, and Mary C. Ubatuba, Assistant Attorney General, of counsel), for appellant Illinois Commerce Commission.

Arvey, Hodes, Costello & Burman, of Chicago (Howard Arvey, Charles J. O'Connor, and Donald F. Spak, of counsel), for appellant Wells Fargo Armored Service Corporation.

Thomas G. Lyons, J. Michael Heaton, and Patrick L. Moore, all of O'Keefe, Ashenden & Lyons, of Chicago, for appellee.

William H. Gram, of Chicago, for *amicus curiae* Federal Reserve Bank of Chicago.

Mr. JUSTICE JOHNSON delivered the opinion of the court:
This interlocutory appeal was brought by the Illinois Commerce

Commission (Commission) and Wells Fargo Armored Service Corporation (Wells Fargo), pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1977, ch. 110A, par. 307), for review of certain interlocutory orders of the circuit court of Cook County. The orders stayed an order of the Commission allowing the operation of Wells Fargo as an additional armored carrier in certain counties in Illinois. The Commission's order allowing Wells Fargo to so operate came to the circuit court for administrative review pursuant to provisions of the Public Utilities Act. Ill. Rev. Stat. 1977, ch. 111 2/3, par. 1 *et seq.*

The only issue presented for review here is whether the circuit court abused its discretion by ordering a stay of the order of the Commission allowing the additional carrier operation. We affirm the trial court's ruling.

On May 16, 1979, the Commission entered an order granting Wells Fargo a permit to conduct armored carrier operations in Cook, Du Page, Will and Lake Counties pursuant to section 18—302 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 18—302). Wells Fargo's application was contested by other armored carriers which provide armored service in that area.

After the Commission issued the permit to Wells Fargo, Brink's, Inc. (Brink's) and the other current carriers moved the Commission to stay its order and to grant a rehearing. The Commission denied the motions.

On July 16, 1979, Brink's filed its notice of appeal from the Commission's order to the circuit court in case No. 79 L 15275. Brink's filed a motion in the circuit court on July 20, 1979, seeking a stay of the effect of the Commission's order. Wells Fargo filed a verified answer which attacked the legal sufficiency of Brink's motion. After hearing argument on the motion, the court entered on order which stayed the effect of the Commission's order until July 30, 1979, at 2 p.m.

Both the Commission and Wells Fargo filed notices of interlocutory appeal pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1977, ch. 110A, par. 307). Wells Fargo also filed an emergency motion for a stay of the circuit court's order. This court granted the motion and ordered that the trial court's order be stayed, pending review.

On August 2, 1979, Purolator Security, Inc. (Purolator) filed a similar case to that of Brink's in the circuit court, asking for a stay of the Commission's order. Both cases were transferred on August 2, 1979, and consolidated for hearing by the court. On August 14, 1979, after hearings, Judge Murray issued an order staying the May 16, 1979, ruling of the Commission. An interlocutory appeal pursuant to Supreme Court Rule 307 was taken from Judge Murray's order and is now before this court.

■■ The Commission and Wells Fargo contend the circuit court lacked the authority to stay the Commission's order. On July 20, 1979, Brink's asked the circuit court to stay the effect of the Commission's order. On

that day, Judge Dunne stayed the Commission's order until July 30, 1979, at 2 p.m. Brink's asserts that Judge Dunne's order is moot because the stay time period has passed. We agree that his order is moot, but we believe the question presented is one of such substantial public interest that it requires us to rule on the underlying issue. As the court stated in *Harper College Faculty Senate v. Board of Trustees* (1977), 51 Ill. App. 3d 443, 444, 366 N.E.2d 999, 1000:

> " 'Among the criteria considered in determining the existence of the requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question.' "

This question, as to the authority of the circuit court to stay the Commission's order, clearly falls within the public interest exception. The Commission issues hundreds of orders on this subject yearly, and there is a great likelihood of the future recurrence of this issue.

■■ After the two cases were consolidated, Judge Murray heard testimony from witnesses produced by Brink's, Purolator and Wells Fargo. The witnesses for Brink's and Purolater testified that the entry of a new carrier into the market which previously was serviced by other carriers would result in a diversion of some existing customers to the new carrier. This would produce a consequent diversion of certain revenues from the existing carriers to the new carrier. The witness for Wells Fargo testified that Wells Fargo was seeking business in the four-county area, and that it had solicited and would continue to solicit customers of Brink's and Purolator.

Judge Murray, on August 14, 1979, entered an order which stayed the May 16, 1979, order of the Commission. He also required that a suspending bond in the amount of $500,000 be posted by petitioners with the Commission.

Judge Murray applied section 71 of the Public Utilities Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 75) as the basis for his authority in issuing the stay order. Section 71 states in pertinent part:

> "§71. The pendency of an appeal shall not of itself stay or suspend the operation of the rule, regulation, order or decision of the Commission, but during the pendency of the appeal the circuit court, or the reviewing court * * * in its discretion may stay or suspend, in whole or in part, the operation of the Commission's rule, regulation, order or decision. * * *
>
> No order so staying or suspending a rule, regulation, order or decision of the Commission shall be made by the court otherwise than upon 3 days' notice to the Commission and after a hearing, and if the rule, regulation, order or decision of the Commission is

suspended, the order suspending the same shall contain a specific finding based upon evidence submitted to the court, and identified by reference thereto, that great or irreparable damage would otherwise result to the petitioner [Brink's, Purolator], and specifying the nature of damage.
 *  *  *

In case the rule, regulation, order or decision of the Commission is stayed or suspended, the order of the court shall not become effective until a suspending bond shall first have been executed and filed with, and approved by the Commission *  *  *." (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 75.)

It is clear from the language of the statute that certain requirements must be met for section 71 to apply. The petitioner must show great or irreparable harm resulting to him, specifying the nature of the harm and posting a bond approved by the Commission.

Judge Murray, in his stay order, provided:

"The evidence further showed, and this Court finds and concludes, that such revenues as might be lost by Brink's, Incorporated and Purolator Security, Inc. due to the diversion of certain of its customers to Wells Fargo Armored Service Corporation can never be recovered due to the fact that their [*sic*] exists no legal remedy for the recovery of any such losses; that since there exists no legal remedy for the recovery of any such revenues, to the extent that such revenues are lost by Brink's, Incorporated and Purolater Security, Inc., *great and/or irreparable damage would result* to the Petitioners if the Commission's order is not suspended, and this Court herewith so finds and concludes as a matter of law; *  *  *." (Emphasis added.)

The court also ordered that petitioners post the $500,000 suspending bond. It is clear the requirements of section 71 of the Public Utilities Act were met as evidenced, in part, in the order of Judge Murray on August 14, 1979.

The appellants contend the circuit court abused its discretion in granting the stay of the Commission's order. In the instant case, the circuit court followed the clear mandate of the statute. There was an evidentiary hearing, the court made findings of fact, and a suspending bond was filed. The court found a showing of irreparable damage to petitioners if a stay order was not granted.

Section 71 states that:

"[T]he order suspending the same shall contain a specific finding based upon evidence submitted to the court, and identified by reference thereto, that great or irreparable damage would

otherwise result to the petitioner, and specifying the nature of the damage." Ill. Rev. Stat. 1977, ch. 111 2/3, par. 75.

We do not find the trial court abused its discretion when it followed the statutory requirements for staying an order of the Commission.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed, and the cause is remanded for a hearing on the merits.

Affirmed and remanded.

LINN and ROMITI, JJ., concur.