(No. 47110.—

THE ILLINOIS EDUCATION ASSOCIATION LOCAL COMMUNITY HIGH SCHOOL DISTRICT 218 *et al.*, Appellees, v. THE BOARD OF EDUCATION OF SCHOOL DISTRICT 218, COOK COUNTY, Appellant.

*Opinion filed Nov. 17, 1975.—Rehearing denied Jan. 22, 1976.*

RYAN and CREBS, JJ., took no part.

Robbins, Schwartz, Nicholas & Lifton, of Chicago (Everett E. Nicholas, Jr., Allen D. Schwartz, and Stanley B. Eisenhammer, of counsel), for appellant.

Drach, Terrell and Deffenbaugh, of Springfield (R. W. Deffenbaugh, of counsel), for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, the Illinois Education Association Local Community High School District 218, an association of teachers employed by the defendant board of education, and Henry F. Davis, one of its members, filed this action in the circuit court of Cook County against the defendant, Board of Education of School District 218, Cook County, seeking a writ of *mandamus*, a declaratory judgment, an injunction and other relief. The circuit court found that in dismissing Davis defendant had failed to comply with the provisions of a collective bargaining agreement, that Davis was entitled to tenure as a teacher and ordered *mandamus* to issue directing defendant to assign him to duties as a full-time teacher. Defendant appealed, the appellate court affirmed (23 Ill. App. 3d 649), and we allowed defendant's petition for leave to appeal. The opinion of the appellate court contains a detailed statement of the facts and they need not be repeated here.

On March 18, 1971, while in his second consecutive year of employment by the defendant, Davis was advised by letter signed by the assistant superintendent of School District 218 that for nine enumerated reasons a recommendation would be submitted to the defendant board, at its meeting on March 22, 1971, that his services be terminated on the last day of the school term. Davis requested a hearing, and a hearing was held on March 29, 1971. By letter dated March 30, 1971, enumerating substantially the same reasons as the earlier letter, Davis was advised that his employment was terminated effective June 8, 1971, the last day of the school term.

Plaintiff association and defendant had entered into a collective bargaining agreement. Appendix XXX to the collective bargaining agreement set forth procedures for "teacher evaluation" (see 23 Ill. App. 3d 649, 655) and provided:

"M. Discharge, demotion, or other involuntary change in the employment status of any teacher shall be preceded by:

(1) The faithful execution of the evaluation procedures for the evaluation of classroom teaching performance and the honoring of all teachers' rights included in this agreement and applicable statutes."

Although Davis's classroom teaching performance was formally evaluated during the second semester of his second year of employment, no such evaluation was made during the first semester. It is agreed, and the letter to Davis showed, that the reasons for terminating his employment are not related to his "classroom teaching performance."

In its memorandum and judgment order the circuit court said:

"No argument has been advanced by the defendant that the language of Appendix XXX is not mandatory or that the contract is not binding. Indeed the defendant recognizes the binding effect of the contract in its motions to dismiss. It is urged in those motions that the plaintiff had failed to follow the grievance procedures of the contract. As I understand the issue to have been drawn at the trial, if I decide that teacher evaluation as used in Appendix XXX is not confined to evaluation of classroom performance then I must find in favor of the petitioner. Conversely, if I decide that it does, then I must find in favor of the defendant."

Following a brief analysis of the provisions of Appendix XXX, the memorandum continued:

"I conclude, therefore, that Appendix XXX is not applicable only with respect to evaluation of classroom performance and that the acts complained of and used as

a basis of discharge were within the purview of Appendix XXX."

Although the circuit court considered and decided only the issue defined in its memorandum and order, the appellate court considered five issues and decided four of them. The parties have briefed and argued a number of issues, but we need consider only the question whether the termination of Davis's services, effected in compliance with section 24—11 of the School Code (Ill. Rev. Stat. 1969, ch. 122, par. 1—1 *et seq.*), was rendered invalid by reason of defendant's failure to comply with the provisions of paragraph M of Appendix XXX to the collective bargaining agreement, resulting in his attaining status as a tenured teacher.

Davis was a full-time probationary teacher completing his second consecutive school term, and section 24—11 of the School Code, in pertinent part provided:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period." Ill. Rev. Stat. 1969, ch. 122, par. 24—11.

The School Code imposed upon the defendant school board the duty to appoint teachers (section 10—20.7), and empowered it, subject to the provisions of sections 10—22.4 and 24—11 to 24—15, to terminate the employment of teachers by dismissal or the nonrenewal of probationary teachers' contracts. These are discretionary powers and may not be delegated. (*Lindblad v. Board of Education*, 221 Ill. 261, 271.) The Teacher Tenure Law (section 24—11 *et seq.*) created a liability where none would otherwise exist and must, therefore, be strictly construed. (*Anderson v. Board of Education*, 390 Ill. 412.) Strict construction requires us to hold that neither the powers conferred nor the rights granted by section 24—11 were restricted or expanded by the provisions of paragraph

M of Appendix XXX to the collective bargaining agreement. The termination of Davis's services having been effected in compliance with the provisions of section 24—11 was valid, and in ordering *mandamus* to issue the circuit court erred.

By what we have said here, we do not intend to indicate either approval or disapproval of the other conclusions reached by the appellate court. For the reasons stated the judgments of the appellate and circuit courts are reversed.

*Judgments reversed.*

RYAN and CREBS, JJ., took no part in the consideration or decision of this case.