(No. 47137.—
(No. 47138.–
(No. 47139.–

THE BOARD OF TRUSTEES OF JUNIOR COLLEGE DISTRICT NO. 508, COUNTY OF COOK, Appellee, v. COOK COUNTY COLLEGE TEACHERS UNION, LOCAL 1600, *et al.*, Appellants.—THE BOARD OF TRUSTEES OF JUNIOR COLLEGE DISTRICT NO. 508, COOK COUNTY, Appellee, v. COOK COUNTY COLLEGE TEACHERS UNION, LOCAL 1600, Appellant.—THE BOARD OF TRUSTEES OF JUNIOR COLLEGE DISTRICT NO. 508, COUNTY OF COOK, Appellee, v. COOK COUNTY COLLEGE TEACHERS UNION, LOCAL 1600, *et al.*, Appellants.

*Opinion filed Jan. 26, 1976.—Rehearing denied March 25, 1976.*

CREBS, J., took no part.

Gilbert A. Cornfield, of Kleiman, Cornfield & Feldman, of Chicago, for appellants.

Roger J. Kiley, Jr., of Chicago, for appellee.

R. W. Deffenbaugh, of Drach, Terrell and Deffenbaugh, of Springfield, for *amicus curiae* Illinois Education Association.

J. Dale Berry, of Kleiman, Cornfield & Feldman, of Chicago, for appellant.

Roger J. Kiley, Jr., of Chicago, for appellee.

R. W. Deffenbaugh, of Drach, Terrell and Deffenbaugh, of Springfield, for *amicus curiae* Illinois Education Association.

J. Dale Berry, of Kleiman, Cornfield & Feldman, of Chicago, for appellants.

Roger J. Kiley, Jr., of Chicago, for appellee.

R. W. Deffenbaugh, of Drach, Terrell and Deffenbaugh, of Springfield, for *amicus curiae* Illinois Education Association.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

These three cases involving different, but related, issues in disputes that have arisen between substantially the same parties were consolidated for argument and opinion. Plaintiff in each action is the Board of Trustees of Junior College District No. 508, Cook County, Illinois (the Board), organized pursuant to statute (Ill. Rev. Stat. 1973, ch. 122, par. 101–1 *et seq.*). The Board operates seven public junior colleges within the city of Chicago serving approximately 36,000 students and employing some 1200 full-time teachers. Defendant in each action is the Cook County College Teachers Union, Local 1600, affiliated with the American Federation of Teachers. Additional defendants were joined in Nos. 47137 and 47139 as individuals, officers of the union, collective bargaining representatives of the union, or as members and representatives of the class of members of the union. The Board and union have been involved in a collective bargaining relationship since 1967, during which time the Board has recognized the union as exclusive bargaining representative for all full-time teachers. The disputes at issue in these consolidated cases arose under the second and third collective bargaining agreements between the parties, spanning the 4½-year period from January 1, 1969, to June 30, 1973.

The principal issue in No. 47137 is whether an arbitrator may award teaching contracts to nontenured junior college teachers whose contracts were not renewed without the prior, advisory faculty evaluation and recommendation called for by the collective bargaining agreement between the union and the Board.

Early in 1972, the president of one of the junior

colleges operated by the Board recommended that the Board not rehire eight nontenured teachers after the expiration of their one-year contracts. The union filed grievances on behalf of the teachers, based upon an alleged failure to comply with relevant provisions of the collective bargaining agreement. Those provisions are contained in article VIII, section J, of the collective bargaining agreement and established a procedure whereby faculty advice regarding the Board's decision whether to renew employment contracts of nontenured teachers in each college department could be transmitted to the governing authorities. Eligible faculty members or a committee of their democratically chosen representatives were to evaluate nontenured teachers according to published criteria, and make a recommendation as to future employment which was to be forwarded to the college president, who was free to accept or reject it. The collective bargaining agreement, including the evaluation section, is incorporated into the teachers' employment contracts with the Board. It is undisputed that no such evaluation was made.

The grievance was denied and arbitration requested by the union, which urged as a remedy that the arbitrator grant employment contracts to the teachers. The case was docketed by the American Arbitration Association and set for hearing. Prior to that hearing and on July 18, 1972, the Board filed in the circuit court of Cook County a petition for declaratory relief, requesting the court to declare that the arbitrator could not grant employment contracts to teachers because sole power to do so was vested in the Board by statute and could not lawfully be delegated to another. After evidence and arguments were heard, the court filed a memorandum opinion holding that the arbitrator, if he found noncompliance with the collective bargaining agreement, could only order the Board to comply with the evaluation procedures; he could not grant employment contracts as a remedy.

A decree incorporating the provisions of the opinion

was entered on September 15, 1972, and the parties were ordered to proceed to arbitration. Subsequently, as part of an order entered October 23, 1972, the court made its memorandum opinion equally applicable to two earlier arbitration cases between the Board and the union, vacating those awards insofar as they purported to grant employment contracts or tenure to teachers. The union appealed from both orders, and the First District Appellate Court affirmed. (22 Ill. App. 3d 1060.) We allowed leave to appeal.

While the union makes passing reference in its brief to its allegation that the circuit court was without jurisdiction to hear and determine the merits of this case, that contention is not pursued. Since the jurisdictional issue was fully presented to the appellate court, and we are satisfied that it was decided correctly, we need not consider it further.

The principal argument of the union is that the teachers were denied continued employment in violation of the evaluation procedures and that award of an employment contract is the appropriate resolution of an issue which, in essence, involves the enforceability of personal service contracts. To the contrary, replies the Board, an arbitrator's award of a public teaching contract is expressly prohibited by the terms of the collective bargaining agreement, the departmental faculty is itself entirely responsible for implementing the evaluation procedure and must bear the blame for its failure, any resulting departmental recommendation is only advisory in any event, and any agreement or contract which allowed an arbitrator to award positions of employment would constitute an unlawful delegation of the Board's sole, discretionary authority to appoint teachers.

Very recently we determined the effect of a similar provision of the School Code in *Illinois Education Association v. Board of Education* (1975), 62 Ill.2d 127. In that case, as here, the Board and union had

entered into a collective bargaining agreement which included a provision for the evaluation of classroom performance preceding the "[d]ischarge, demotion, or other involuntary change in the employment status of any teacher." The Board, without complying with the evaluation procedure, decided not to renew a teacher's employment contract. Actions of that Board were governed by the School Code, which imposed upon the Board the duty to appoint teachers (Ill. Rev. Stat. 1973, ch. 122, par. 10—20.7), and empowered it to terminate the employment of teachers by dismissal or the nonrenewal of probationary teachers' contracts (Ill. Rev. Stat. 1973, ch. 122, pars. 10—22.4 and 24—11 through 24—15). We held that these powers were discretionary and could not be delegated, and that a termination in compliance with the statute was valid notwithstanding a failure to comply with the evaluation provisions of the collective bargaining agreement.

In our judgment, the holding in *Illinois Education Association* controls the result in this case. We adhere to our position there stated that the Board's duties in appointing teachers are nondelegable, and it follows therefrom that the arbitrator is without authority to award an employment contract as a remedy for the violation of a collective bargaining agreement. Since our holding here sets aside previously awarded employment contracts, the tenure awards simultaneously fall, and there is no need to consider independently the arbitrator's authority to award tenure.

The trial court's memorandum opinion, while prohibiting the arbitrator from renewing the teaching contract, indicated that the arbitrator could require a reevaluation in accordance with the terms of the collective bargaining agreement. That conclusion, in our judgment, is incompatible with our opinion in *Illinois Education Association*. Since we held nonrenewal of the teachers' contracts valid even though accomplished without the prior performance evaluation, it is clear that the evaluation provision is not enforceable against the Board.

It is urged by the union that constitutional requirements of due process as announced in *Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701, and *Perry v. Sindermann* (1972), 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694, preclude the conclusions we have reached. *Roth* held that a nontenured teacher whose contract is not renewed is not entitled to a due process hearing unless the decision not to rehire deprives him of his "liberty" or denies him a "property" interest in continued employment. *Perry* held that a nontenured teacher who had been under contract for 10 years had a right to argue in the trial court the existence of *de facto* tenure, rising to the level of a "property" interest that due process should protect. No argument is made that the teachers here were deprived of their "liberty," and it is clear they were neither tenured nor dismissed while under contract. (*Slochower v. Board of Higher Education* (1956), 350 U.S. 551, 100 L. Ed. 692, 76 S. Ct. 637; *Wieman v. Updegraff* (1952), 344 U.S. 183, 97 L. Ed. 216, 73 S. Ct. 215.) The question remaining is whether nontenured teachers' reliance on a nonbinding evaluation provision in a collective bargaining agreement constitutes a sufficient "property" interest to require a due process hearing in advance of the Board's decision not to renew their contracts. We hold that it does not. Nor, since the evaluation was not an obligation of the Board, but was to be conducted by the faculty, does nonrenewal of the contracts in the absence of that evaluation constitute an impairment by the Board of the employment contract.

The judgment of the appellate court is accordingly affirmed in No. 47137, except that its affirmance of the trial court's holding that reevaluation could be required is reversed.

The principal issue in No. 47138 at the appellate court level (22 Ill. App. 3d 1053) was whether the Uniform Arbitration Act provided the exclusive remedy for restraining arbitration. We have no need to consider this narrow, procedural issue here, however, since we hold that the

matter of faculty promotions is a nondelegable power of the Board which it cannot be compelled to submit to arbitration.

In May of 1970, the union presented to the Board five grievances on behalf of various faculty members contending that they had been denied promotions in rank in violation of "past practices" of the Board, allegedly covered by the collective bargaining agreement. As remedies, the union sought promotions for each of the grievants to the faculty rank immediately above the rank they occupied at that time. The Board denied the grievances, and the cases were docketed by the American Arbitration Association, as provided in the collective bargaining agreement.

Following a period of negotiation between the parties, which is not relevant to our disposition of the case, the union advised the Association of its desire to reinstate the grievances on the hearing calendar. Thereafter on March 29, 1973, the Board filed in the Cook County circuit court its petition for an injunction and accompanying motion for a preliminary injunction, alleging that the matter of promotions is not subject to arbitration under the prior or present collective bargaining agreements; that a determination whether a faculty member shall or shall not be promoted rests in the sound discretion of the Board and cannot lawfully be delegated to an arbitrator or limited by a collective bargaining agreement.

The union moved to dismiss the Board's petition for injunction and to deny its motion for preliminary injunction. On April 2 the court denied the motion to dismiss, and temporarily enjoined the arbitration of the grievances. The union filed an interlocutory appeal. (58 Ill.2d R. 307(a)(1).) The Appellate Court for the First District affirmed (22 Ill. App. 3d 1053), and we allowed leave to appeal.

We find nothing in the applicable collective bargaining agreements to indicate, as the union suggests, that promo-

tions are subject to binding arbitration. An agreement so providing would, in fact, constitute an impermissible delegation of the Board's authority to grant or deny promotions. That authority, in our judgment, is fairly implied in the language of section 3—42 of the Public Community College Act, which empowers the Board "[t] o employ such personnel as may be needed, to establish policies governing their employment and dismissal, and to fix the amount of their compensation." (Ill. Rev. Stat. 1973, ch. 122, par. 103—42.) In our opinion, the nondelegability of promotion decisions is a necessary consequence of the reasoning underlying our holding appointment decisions nondelegable in *Illinois Education Association,* referred to above. We see no legally significant distinction, as to delegability, in the fact that the Public Community College Act denominates the Board's appointment authority a "duty" and its promotion authority a "power." (Ill. Rev. Stat. 1973, ch. 122, pars. 103—21, 103—26, 103—30, 103—42.) Significantly, *Illinois Education Association* indicates that under the School Code neither the duty to appoint nor the power to dismiss is delegable. 62 Ill.2d 127, 130.

The union's final argument in this case is that the trial court erred by treating the Board's petition for injunction and motion for preliminary injunction as part of the on-going litigation between the parties rather than the filing of a new case. That question was fully argued in the appellate court and adequately treated in its opinion. We find no reason to discuss it further.

The judgment of the appellate court is affirmed in No. 47138.

The principal issue in No. 47139 is whether an arbitrator's award of back pay to certain faculty members for which no services were required to be performed was an illegal expenditure because it constituted a gift of public funds in violation of article VIII, section 1, of the Illinois Constitution.

On June 11, 1971, the union filed a grievance on behalf of several teachers, alleging that the Board had violated article VIII, section F4, of the third collective bargaining agreement, which established a procedure for equalizing the distribution of extra work assignments among the faculty. That work consisted of teaching extra courses during the summer months, for which additional compensation was paid. The agreement required this extra work to be offered to qualified teachers on a rotational basis so that every teacher would receive an equal opportunity to perform extra work. In the summer of 1971, certain teachers were passed over in favor of other teachers who were behind them on the rotational scale, precipitating the grievance ultimately arbitrated before the American Arbitration Association. The arbitrator expressly found that the teachers could be made whole only by receiving retroactive compensation for the income lost to them (approximately $25,000) during the 1971 summer session as a result of the Board's failure to comply with its contractual obligations.

Thereafter, the Board applied to the circuit court for declaratory relief and modification of the arbitrator's award. The court granted summary judgment in favor of the Board and modified the arbitrator's award by directing that the teachers be required to perform extra work in the future instead of receiving back pay with no obligation to perform the extra duties. The Appellate Court for the First District affirmed (22 Ill. App. 3d 1066), and we allowed the union's petition for leave to appeal.

At the outset we note that the Board does not raise here the question of nondelegability posed in Nos. 47137 and 47138. Nor, in our opinion, is there any problem on this ground with the binding agreement to allocate extra teaching assignments in an equitable fashion, for the Board retains the authority to select extra courses and to offer rotational employment only to teachers it has determined to be qualified to teach the offered courses.

It is clear that the collective bargaining agreement grants authority to the arbitrator to determine grievances based on an alleged violation of the rotational employment scheme, and to issue an appropriate award if the allegation is proved. The arbitrator found, and the Board concedes, that the agreement was violated. The question for this court, therefore, is whether the back-pay award was lawful.

In *United Steelworkers of America v. Enterprise Wheel and Car Corp.* (1960), 363 U.S. 593, 4 L. Ed. 2d 1424, 80 S. Ct. 1358, the Supreme Court held that arbitrators may award back pay, and this court has held that public employees who have been wrongfully deprived of work are entitled to back pay (*People ex rel. Bourne v. Johnson* (1965), 32 Ill.2d 324; *Kelly v. Chicago Park District* (1951), 409 Ill. 91). The Board does not challenge the correctness of these decisions, but argues that unique facts in the present case distinguish it from a "routine" back-pay case. Specifically, the Board urges that the instant back-pay award made the teachers more than whole, thus constituting an illegal use of public funds.

The facts alleged to support this argument result from the teachers' employment under an academic year contract that does not include summer months. The work the Board improperly allocated involved teaching assignments for courses offered during the summer of 1971, which the Board characterizes as extra work or overtime. In a routine back-pay case where an employee is wrongfully suspended or discharged from full-time work, the Board observes, the employee cannot be made whole if he is required to perform the denied work, since his doing so would preclude his earning compensation for other work available at the same time. Thus, the remedy would not make the employee whole. In the present case, the Board argues, the teachers could make up the denied extra work, without financial prejudice, by teaching an additional course some future summer or in addition to their full-time academic-

year class load. The Board suggests that since full-time faculty members meet classes only 12 or 13 hours per week, they have many hours available during which to teach an additional course.

We find none of these arguments particularly persuasive. Their contracts gave the teachers the right to be offered employment during the summer of 1971 if the Board chose to provide courses. The Board does not argue that these teachers were unqualified, and we must assume they would have accepted employment had it been properly offered. The Board is mistaken in its assertion that the work can be made up, either during a summer or an academic year, without financial prejudice to the teachers, for in either situation the teachers, in order to accept the proffered extra work, would be forced to forego other work which might be available to them. That the work was overtime, rather than regular time, does not change this plain fact.

In our judgment, the teachers here involved are entitled to an unqualified award of back pay to the extent they established that they were available and willing to do the work which should have been offered them during the summer of 1971.

The judgments of the circuit and appellate courts are accordingly reversed in No. 47139 and the cause remanded to the circuit court of Cook County for such further proceedings as may be consistent with this opinion.

*47137—Affirmed in part and reversed in part.*
*47138—Judgment affirmed.*
*47139—Reversed and remanded, with directions.*

MR. JUSTICE CREBS took no part in the consideration of decision of this case.