LIBERTYVILLE EDUCATION ASSOCIATION, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 70, LAKE COUNTY, Defendant-Appellee.

Second District No. 76-109

Opinion filed December 31, 1977.

Franklin S. Schwerin, of Weiner, Wexler & Spak, of Chicago, for appellant.

Ralph Miller, of Franke & Miller, of Chicago, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This case concerns the validity of a five-year collective bargaining agreement between a local board of education and a teachers' union, and a provision of the agreement calling for the automatic adjustment of the teachers' base salaries during the four final years of the agreement, the amount of such adjustments to be determined by reference to a certain "Consumer Price Index" published by the United States Department of Labor. The teachers' union, known as the "Libertyville Education Association" (hereafter the "Teachers"), filed an action against the Board of Education of School District No. 70) (hereafter the "Board"), seeking to enforce their five-year contract with the Board. The trial court granted the Board's motion for summary judgment, and the Teachers have appealed.

The Board entered into the collective bargaining agreement with the Teachers on September 11, 1972. The agreement was for a term extending from July 1, 1972, to June 30, 1977, and provided in part that:

> "The base salary for the school year 1972-73 will be $8,000, which base salary will, for each of the succeeding 4 years, be automatically adjusted according to the Consumer Price Index for Urban Wage Earners and Clerical Workers for Chicago, as prepared by the U.S. Department of Labor."

It further provided that other, nonsalary issues would continue to be subject to annual negotiation, but that "* * * in no event shall any change be made in the professional negotiations agreement that would in any way obligate the Board to negotiate on salary in violation of the terms of this agreement until the year 1977* * *." According to the complaint filed by the Teachers herein, the five-year term of the agreement was

included at the initiation and insistence of the Board. The Board retained complete discretion to set the salaries of untenured teachers employed after the date of the agreement.

For the next three years, the Teachers were paid in accordance with the terms of the agreement. However, in 1975, the Board insisted that the Teachers accept a 3½ percent pay increase, in lieu of the cost of living increase provided for in the agreement. When the teachers refused to agree to this modification, the Board unilaterally imposed a new salary schedule, and the instant action resulted.

The ground for the trial court's entry of the summary judgment was its holding that the Board had no authority to enter into a contract in 1972 to "bind successor boards" to a multiyear salary agreement; the Board consists of seven members, two (three on every third year) of whom are elected for a term of three years the second Saturday in April of each year, and the agreement was thus for a period exceeding the terms of office of the Board's members.

The Board has cited a number of cases which it contends compel the result reached by the trial court. In *Stevenson v. School Directors* (1877), 87 Ill. 255, cited by the Board, a teacher and two members of the local board of education entered into a contract on December 10, 1875, for a nine-months' term, commencing on April 3, 1876. The statute in force at that time provided for an annual election of one board member in each district, to be held on the first Saturday of April. The court held that the contract was unenforceable under the statute then in effect, the "spirit and intent" of which was "clearly repugnant to the idea that one board * * * may, by contracts wholly to be carried out in the future, divest future boards * * * of the power to select the teachers they shall desire, for the terms to be commenced after their organization." (87 Ill. 255, 258-59.) In *Davis v. School Directors* (1879), 92 Ill. 293, two members of a local board (without informing the third member), entered into a contract to employ a teacher for a three-month term, commencing on April 17, 1876. The school board election was held on April 15, and one of the two directors who had negotiated the contract ceased to hold office. The board then disavowed the contract; this action was deemed lawful by the Supreme Court of Illinois, which held that since the contract was to be performed entirely during the succeeding school year, it was invalid. Thus, in both *Stevenson* and *Davis,* the court struck down contracts with teachers for terms extending beyond the terms of office of members of the board.

*Stevenson* and *Davis* are dubious authority for the trial court's ruling in this case, however. Their precedential value has to a considerable extent been obscured by statutory changes which have occurred during the century since they were decided. The applicable statute was amended in

1927 (see *Sloan v. School Directors* (1940), 373 Ill. 511) so as to allow three-year terms of service for teachers, and in *Sloan,* it was held that the statutory change nullified the holdings in *Stevenson* and *Davis.* The statute was changed again with the passage of the act establishing tenure for teachers (Ill. Rev. Stat. 1941, ch. 122, par. 136c), but in *Hostrop v. Board of Junior College District No. 515* (7th Cir. 1975), 523 F.2d 569, 574-75, the court, in passing upon the tenure statute applicable to junior colleges, held that the enactment of tenure laws was not intended to reinstate the principles of *Stevenson* and *Davis,* but to "give the board authority to establish its own policies with respect to tenure* * *." Thus, the present effect of the *Stevenson* and *Davis* holdings that a school board cannot enter into a contract to be performed after the current school year is doubtful.

Further, *Stevenson* and *Davis* would not compel the result reached by the trial court, even assuming that the rule announced therein has stood immutable through the years. Both cases involved a contract purporting to bind the school board to employ a particular teacher, regardless of the outcome of the annual election, thus (in those days of one-room schools and one-school districts), rendering the election irrelevant to a considerable degree, and thwarting the will of voters who were dissatisfied with the educational program. An analogous arrangement was held to be unenforceable in *People ex rel. Davidson v. Bradley* (1943), 382 Ill. 383, cited by the Board, where the teachers alleged that under "long-continued custom and tradition" they were entitled to "a continuing tenure as schoolteachers until discharged for cause," even though the teacher tenure law was not then in effect. (382 Ill. 383, 385.) The court held that absent a statute providing continued tenure for teachers, "a public-school board, under authority to appoint teachers and fix their salaries, may not employ them for a tenure longer than the current school year." (382 Ill. 383, 385.) By contrast, in the instant case, the collective bargaining agreement did not purport to limit the Board's authority to hire or discharge teachers, and the old problem of whether or not a board can contractually bind itself to employ a particular teacher for a term longer than the current school year has, in any event, been pre-empted by the teacher tenure laws (382 Ill. 383). This case is thus readily distinguishable from *Stevenson* and *Davis.* Beyond this distinction, it should be observed that neither *Stevenson* nor *Davis* held that all contracts with teachers with terms extending beyond the current school year were invalid. Instead, the court in each case only condemned contracts which were to be carried out *entirely* during the succeeding school year; in fact, as to teacher contracts generally, the court in *Stevenson* expressly stated that:

"There is, doubtless, *no objection to contracts for the teaching of*

*terms extending for a reasonable time beyond the current school
year,* when such contracts are entered into in good faith, and not
for the purpose, merely, of forcing upon the district an
unsatisfactory teacher or defeating the will of the voters at the
annual election." (Emphasis added.) 87 Ill. 255, 258.

■■■ We believe that the trial court was in error when it held that the
Board had no power to enter into the multiyear contract. The School
Code contains a general grant of power to school boards to "appoint all
teachers and fix the amount of their salaries subject to limitation set forth
in this Act * * *." (Ill. Rev. Stat. 1975, ch. 122, par. 24—1.) In construing
this grant, it has been held that:

"From the language the legislature has employed, it is clear that
a school board has discretionary control over the salaries of its
teachers, *subject only to any limits expressly fixed by the School
Code* and to constitutional prohibitions against actions that are
arbitrary, discriminatory and unreasonable, or based upon an
improper classification." (Emphasis added.) (*Richards v. Board of
Education* (1960), 21 Ill. 2d 104, 109.) While the School Code
contains a number of limitations upon the power of school boards
to fix the salaries of teachers (*e.g.,* Ill. Rev. Stat. 1975, ch. 122, par.
10—20.7 (prohibiting discrimination on account of sex, or loss of
pay because of jury duty); par. 10—20.15 (prohibiting payment of
salaries to uncertified teachers, or teachers who have failed to
account for school property); par. 24—1 (providing for teachers'
wages to be paid monthly)), there is no provision in the Code
prohibiting a local board from fixing the amount of the teachers'
salaries by entering into a multiyear agreement. This stands in
contrast to the statute which was construed in *Board of Education
v. Chicago Teachers Union* (1975), 26 Ill. App. 3d 806. There, the
court held that in view of an express provision in the School Code
prohibiting the Chicago Board of Education from making any
contract without a prior appropriation[1]. (Ill. Rev. Stat. 1975, ch.
122, par. 34—49), a two-year collective bargaining agreement with
the Chicago Board of Education entered into without a prior
appropriation for the second year was void. However, the court
observed that collective bargaining agreements between school
boards and school employees "are necessary for the sound
administration of a 'modern public school system. [Citations.],"
and that "multiyear contracts can be the source of stability
between a public employer and its employees" (26 Ill. App. 3d 806,

---

[1] The entire article 34 of chapter 122 applies only to cities with a population of over
500,000.

812). It is notable that the court neither cited nor discussed *Stevenson* or *Davis,* and it seems clear that, but for the express statutory prohibitions, the court would not have ruled that the agreement was void. (See 26 Ill. App. 3d 806, 812-13.) The board in the instant case was not fettered by the provisions of section 34—49 (which applies only to the Chicago Board of Education), and it was held in a number of cases in sister States that there is no general rule of law prohibiting boards of education from entering into contracts extending beyond the terms of office of members of the board. (*North Royalton Education Assocation v. North Royalton Board of Education* (1974), 41 Ohio App. 2d 209, 325 N.E.2d 901; *Horvat v. Jenkins Township School District* (1940), 337 Pa. 193, 10 A. 2d 390; *State ex rel. Brown v. Polk County* (1932), 165 Tenn. 196, 54 S.W.2d 714; *Tate v. School District No. 11* (1929), 324 Mo. 477, 23 S.W.2d 1013.) As the court said in *North Royalton Education Association v. North Royalton Board of Education* (1974), 41 Ohio App. 2d 209, 325 N.E.2d 901, 907:

"The proposition that one public official should not be able to bind a successor founders on the lack of a clear comprehension of the capacity in which a public official operates. He performs not for himself or for his successors. His principal is the public and when he acts for it he can bind it to contracts beyond his term in the absence of statutory impediments."

Since the School Code contains a general grant of power to the Board to fix the salaries of teachers and there is no statute prohibiting the board from entering into a collective bargaining agreement for a term of more than one year, it is clear that the collective bargaining agreement in the case was not void or invalid merely because it was for a term extending beyond the terms of office of the individual members of the Board.

The Board has argued that if the enforceability of multiyear teacher contracts is sustained, it will be possible for improvident or irresponsible local boards to enter into collective bargaining agreements with teachers, which would bind the taxpayers of the district to shoulder ruinous financial burdens of paying possibly excessive salaries for terms extending many years beyond the terms of office of the board members who negotiated the agreement. The complete answer to this specter can be found in the rule announced in *Stevenson v. School Directors* (1877) 87 Ill. 255, 258, that such contracts may only be for a reasonable term beyond the end of the current school year, that they must be entered into in good faith, and may not be used for wholly thwarting the will of the voters at the annual election. In our view, at least this much of *Stevenson* is as applicable today as when the case was decided.

■■ In the instant case, there has been no allegation of bad faith, and it

does not appear from the face of the record that the five-year term of the collective bargaining agreement was unreasonable, particularly since the agreement did not bind the Board to arbitrary salary increments for the teachers, but was instead obviously an effort to enable the teachers to stabilize their economic status through the means of salary adjustments approximately congruent with increases *or decreases* in the cost of living, as reflected by the Department of Labor's Consumer Price Index. Thus, the fact that the collective bargaining agreement was for a term of five years, could not, by itself, provide grounds for the trial court's granting of the Board's motion for summary judgment.

■■ The Board has contended, as an additional ground for affirming the judgment of the trial court, that the provision for an automatic "cost of living" adjustment constituted an unlawful delegation of the Board's duty to fix the salaries of teachers. It is well established that school boards have the duty to appoint teachers, and fix their salaries, and that this duty is discretionary and may not be delegated. (*Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127; *Board of Trustees v. Cook County College Teachers Union* (1976), 62 Ill. 2d 470; *Board of Education v. Rockford Education Association* (1972), 3 Ill. App. 3d 1090.) In this case, however, no third party was to determine the salary of the teachers; that salary was to be determined, instead, by resort to a formula regarding which the Board had freely agreed. Far from delegating any duty, the Board performed its duty to fix the teachers' salaries, by agreeing that the teachers would receive a certain specific base pay, with annual adjustments approximately reflective of the cost of living, as indicated by the Consumer Price Index. *Cf. Board of Trustees v. Cook County College Teachers Union* (1976), 62 Ill. 2d 470, 480 (collective bargaining agreement requiring extra work assignments to be offered to qualified teachers under a rotational basis, held not to constitute an invalid delegation of the board's duty to assign teachers).

The Teachers have raised a number of other arguments, including the contention that, after having received benefits under the multiyear contract for three years, the Board is now estopped from avoiding its obligations under the contract; however, in view of our holding, it is unnecessary for us to pass upon these arguments.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SEIDENFELD and GUILD, JJ., concur.