BOARD OF EDUCATION, VALLEY VIEW COMMUNITY UNIT SCHOOL DISTRICT NO. 365U, Plaintiff-Appellee, *v.* SANDRA SCHMIDT *et al.*, Defendants-Appellants.

Third District   No. 78-88

Opinion filed September 29, 1978.—Rehearing denied November 2, 1978.

514

ALLOY, J., specially concurring.

Barbara J. Hillman and Gilbert Feldman, both of Cornfield & Feldman, of Chicago, for appellants.

Barry L. Moss, of Moss & Bloomberg, Ltd., of Romeoville, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by Sandra Schmidt, a teacher employed by the plaintiff board of education and the union to which she belongs (hereinafter referred to as the defendants) from an order of the circuit court of Will County which denied defendants' motion for reconsideration of the court's final order permanently staying arbitration of the grievance of the defendant Schmidt, and declaring that the collective bargaining agreement insofar as it may attempt to allow arbitration of the issue presented in said grievance is invalid.

The collective bargaining agreement entered into between the plaintiff board and the defendant teachers' union contained the following provisions in article X, section H, subsection 6:

> "Salary adjustments for increased training and or degrees are to be made whenever they are submitted and approved. Proof of such shall be filed by the employee with the Assistant Superintendent in Charge of Personnel."

The defendant teacher Schmidt completed certain courses and submitted the required proof thereof. The plaintiff Board granted Schmidt the salary increase commencing from the time the plaintiff Board accepted and approved her claim. The defendant Schmidt represented by the defendant union filed a grievance in which it was claimed that the plaintiff Board violated the collective bargaining agreement by failing to

give her a salary increase retroactive to the beginning of the school year. The plaintiff Board subsequently denied the grievance and Schmidt and the teachers' union submitted the case for arbitration pursuant to contract procedures providing for arbitration. The plaintiff Board sued to prevent arbitration and the trial court ruled that the "non delegable powers" doctrine was applicable to bar arbitration because the plaintiff Board was required by law to set salaries and that this duty would not be delegated to another. This appeal ensued in which a number of issues are raised, however, we first direct our attention to an assertion of the plaintiff Board raised in the trial court and in this appeal to the effect that the board of education has no authority to pay a teacher for qualifications which she does not possess and hence an arbitrator cannot compel a school board to take such an action.

In the instant case the defendant Schmidt wants to be paid from July 1, 1976, for course work submitted March 29, 1977, and again on June 27, 1977. Should the plaintiff Board make the salary increase retroactive then it is elementary that the defendant Schmidt would be receiving compensation for qualifications (course work) which she did not possess. Can a school board pay school teachers a salary for course work which they have not completed? We fail to find any authority either express or implied which would permit a school board to make such salary payments.

The authority of a school board to fix salaries and to pay teachers is limited by our State Constitution and School Code. Ill. Const. 1970, art. VIII, §1(b), provides:

> "The State, units of local government and school districts shall incur obligations for payment or make payments from public funds only as authorized by law or ordinance."

Section 24—8 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—8) pertains to the fixing of minimum salaries for school teachers and the last paragraph of this statutory provision states:

> "For purposes of this Section, a teacher who submits a certificate of completion to the school office prior to the first day of the school term shall be considered to have the degree stated in such certificate."

■▌ As we interpret the above statutory language, it is the legislative intent that a teacher must actually complete the course work and possess the qualifications as a prerequisite to qualifying for and receiving from a school board the minimum salary commensurate with the qualifications. Certainly this section cannot be construed as authorizing a school board to elevate a teacher to a higher salaried classification in anticipation that the teacher will acquire higher qualifications by completing additional course work at some later date.

This court recently issued an opinion which, *inter alia,* concerned itself as to whether or not the registration of a valid high school certificate related back or became retroactive so as to prevent the dismissal of a teacher. (See *Hagopian v. Board of Education* (1978), 56 Ill. App. 3d 940, 945, 372 N.E.2d 990.) In *Hagopian* it was stated by this court:

> "After proper notice of dismissal has been given as was done in the instant case, does the securing and registration of a valid high school certificate (as was done by Hagopian) prior to the end of the school year serve to relate back or become retroactive so as to prevent the dismissal of a teacher? We believe not. In *Brubaker v. Board of Education* (1977), 46 Ill. App. 3d 588, 360 N.E.2d 1228, the reviewing court held that a teacher's certificate registered after the beginning of a school year cannot relate back to validate an individual's initial employment. (See also *Riley v. School District 124* (1966), 75 Ill. App. 2d 35, 221 N.E.2d 424.)"

While the case of *Hagopian* deals with an employment matter based upon the qualifications of a teacher, we find the reasoning and principles of law stated therein to be equally applicable to the payments of teachers based upon qualifications or course work. The payment of a teacher at a higher salary level for months when she did not possess the qualifications to merit such higher salary would be an unauthorized, invalid board action which would be against public policy. See also *Weary v. Board of Education* (1977), 46 Ill. App. 3d 182, 360 N.E.2d 1112.

It is the assertion of the defendants that the plaintiff Board can make a salary increase to the defendant Schmidt and that the same can be retroactive thereby covering a period of time when she had not attained the additional qualifications which merited the increased salary. To support this assertion the defendants rely upon the case of *Board of Trustees v. Cook County College Teachers Union* (1976), 62 Ill. 2d 470, 343 N.E.2d 473. We fail to find that this case cited by the defendants is supportive of their contention since it involved the award of back pay to teachers who were wrongfully deprived of extra summer employment. It is true that the teacher recipients were awarded pay for work not performed, but the school board conceded that it had breached a collective bargaining agreement. Our supreme court stated:

> "In our judgment, the teachers here involved are entitled to an unqualified award of back pay to the extent they established that they were available and willing to do the work which should have been offered them during the summer of 1971." *Board of Trustees v. Cook County College Teachers Union* (1976), 62 Ill. 2d 470, 482, 343 N.E.2d 473, 479.

In the *Board of Trustees* case the teachers received an award for work not performed but the board had a duty to provide the teachers with

extra work and failed to do so. They did not receive an award which was not countenanced by the law. In the instant case the defendants are seeking an award or gift which is not only not approved of by the law of our State, but on the contrary such an action on the part of the plaintiff Board would be contrary to the provisions of our school code and the law as promulgated by our courts of review.

The defendants also argue that they should prevail in this appeal since the case of *Libertyville Education Association v. Board of Education* (1977), 56 Ill. App. 3d 503, 371 N.E.2d 676, disposed of a contention identical with the one they pose in the instant case and that such disposition supports their view. We sharply disagree that the *Libertyville* case is controlling of the issue presented in this appeal, since in *Libertyville* the question was whether the school board could refuse to honor a "cost of living" salary adjustment which was contained in a collective bargaining agreement. The reviewing court held that the school board could not and we quarrel not with this decision. The granting of a "cost of living" salary adjustment by a school board is not *per se* an invalid, unauthorized act which is forbidden by the law of our State. We can in no way equate the granting of a "cost of living" salary adjustment with a grant of retroactive pay to one not entitled to it.

■■■ Based upon our analysis of the law examined we can only conclude that a board of education has no authority to pay a teacher for qualifications she does not possess and hence this is not a matter for arbitration since an arbitrator cannot compel a school board to perform an act which is unlawful.

■■ We are aware of the fact that we are arriving at the same decision as the trial court but the decision of this court is predicated on a different reason. That a reviewing court can affirm the judgment of a trial court for reasons other than those relied upon by the trial court is well established. See 2 Ill. L. & Prac. *Appeal & Error* §633, at 566 (1953); *McDermott v. Burke* (1912), 256 Ill. 401, 100 N.E. 168; *Kelley v. Village of Willowbrook* (1962), 38 Ill. App. 2d 112, 186 N.E.2d 369; *Meyer v. Povilat* (1959), 20 Ill. App. 2d 279, 156 N.E.2d 4.

For the reasons set forth the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY, P. J., concurs.

Mr. JUSTICE ALLOY, specially concurring:

I agree with the result reached in the proposed opinion filed in this case. I feel, however, that since the trial court's decision was based upon the

fact of nondelegability of governmental powers doctrine, and a construction of a clause in the union contract, the conclusion to affirm should be based on those considerations. I believe that the court's conclusion that, to the extent that the contract provides for arbitration of the question of timing of salary adjustments, the contract is invalid and unenforceable, should be supported.