BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508, COUNTY OF COOK, Plaintiff-Appellant, *v.* COOK COUNTY COLLEGE TEACHERS UNION, LOCAL 1600, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 81—3044

Opinion filed December 28, 1982.

R. Theodore Clark, Jr., of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Gilbert Feldman, of Cornfield and Feldman, of Chicago, for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Board of Trustees of Community College District No. 508 (Board), filed a verified complaint to vacate an arbitration award which granted retroactive teacher promotions and for a declaratory judgment that the duty to make promotional decisions and fix their effective dates are not arbitrable matters. The Board moved for summary judgment, which was denied, and defendant, Cook County College Teachers. Union, Local 1600 (Union) moved to dismiss the complaint for failure to state a cause of action, which was allowed. The

principal issues raised on appeal are whether the arbitrator's award interfered with the nondelegable duties of the Board to make promotion decisions and to control its budget, and whether the circuit court should have so held.

For the reasons which follow, we affirm.

The Board and Union were parties to a collective bargaining agreement effective August 21, 1978, and in full force through July 15, 1981. The agreement set forth four salary lanes similar to traditional faculty ranks and the procedure to be followed for advancement or promotion. The disputed paragraph (Article VI 3d) provided:

> "Changes in salary lane shall take place on the anniversary date of the faculty member. For the purposes of determining eligibility for advancement to a higher lane, only graduate degrees granted and graduate semester hours *earned* before the faculty member's anniversary date shall be applicable. The faculty member is responsible for requesting the university or college in which he has earned degrees or graduate credits to send an approved transcript directly to the College in which he is employed." (Emphasis added.)

Five faculty members filed separate grievances, which were consolidated by the parties for hearing before an arbitrator. The parties agreed that the issues contained in the grievance filed by Agnes Vidovic were representative of the basic issues raised by the other four. Vidovic, a college faculty member whose "anniversary date" was September 1, applied for a lane promotion on October 15, 1978. She had completed the requirements for the lane advance prior to September 1, 1978, but was awarded the lane advance effective September 1, 1979. She filed a grievance, and on May 17, 1979, the chancellor upheld her grievance and granted her application for lane promotion retroactively effective September 1, 1978. The next day the chancellor withdrew his decision and denied the grievance based on certain Illinois cases, in part discussed below. The effective date of the promotion thereby reverted to September 1, 1979, which triggered the resort to arbitration.

Following the hearing, the arbitrator found:

> "The contract, in Article VI 3d, refers only to the time of qualifications and it seems quite clear that the reference to anniversary date must be the anniversary date immediately following the earning of the requisite aligibility [*sic*] requirements. I cannot agree with the Board that 3d. is equivocal on the question as to whether the anniversary date is the one next following the earning of qualifications or next following the application

for the lane placement.[1] There is nothing in the clause which could lead to the latter interpretation."

This litigation then ensued in the circuit court.

The Board contends that the arbitrator's award interfered with its nondelegable duty to grant promotions, a duty which the Union recognizes. Among other cases, the Board cites *Board of Trustees v. Cook County College Teachers Union* (1976), 62 Ill. 2d 470, 343 N.E.2d 473. In *Board of Trustees*, the supreme court held that the matter of faculty promotions was a nondelegable power of the Board under section 3—42 of the Public Community College Act (Ill. Rev. Stat. 1973, ch. 122, par. 103—42) and therefore the Board could not be limited by the terms of a collective bargaining agreement or be compelled to submit to arbitration. (62 Ill. 2d 470, 477-79.) In accord is *Board of Trustees v. Cook County College Teachers Union* (1980), 87 Ill. App. 3d 246, 408 N.E.2d 1026, a case involving the same parties and the same lane advancement provisions. In neither case, however, was the teacher found to be qualified for the requested promotion. In *Hagopian v. Board of Education* (1978), 56 Ill. App. 3d 940, 372 N.E.2d 990, also relied upon by the Board, the teacher was not qualified for the job reinstatement at the time he received notice of dismissal. The foregoing cases are inapposite here, however, since the Board found Vidovic entitled to the lane advancement.

■ At issue in the controversy *instanter* is not whether the Board can delegate its responsibility for promotions or determining a faculty member's qualifications. This dispute involves the much more limited question of whether the Board may permissibly agree to a fixed date in a collective bargaining agreement establishing when the promotion will take effect, to the benefit of the faculty members whom the Board has found qualified. The Board contractually agreed here that lane advancement would take effect on a fixed date, namely, the anniversary date following the *earning* of the requirements.

The class of issues not subject to arbitration is limited to those areas specifically reserved to the Board by statute. (*Board of Education v. Ballweber* (1982), 105 Ill. App. 3d 412, 416, 434 N.E.2d 448.) The issue involved here has not been so reserved to the Board. It is an arbitrable matter which may be enforced through the courts. See *Board of Trustees v. Cook County College Teachers Union* (1976), 62

---

[1]The arbitrator also stated, "If the Board is concerned that faculty members who have earned qualifications may delay the filing of their application for lane advancement for intolerable periods of time, that situation can be handled by the parties on the defense of laches."

Ill. 2d 470, 480 (disputes involving the rotational assignment of extra work among qualified teachers were arbitrable provided that the school board retained authority both to select extra courses and to offer the extra work only to teachers it had determined to be qualified); and *Board of Education v. Ballweber* (1982), 105 Ill. App. 3d 412, 417 (dispute involving Board's sick leave policy was arbitrable).

The Board stresses that the result of the arbitrator's holding makes the promotion effective prior to the time Vidovic applied for the promotion and prior to the time the Board took action to award her the promotion in question. The Board argues that Vidovic was not qualified for promotion on her September 1, 1978, anniversary date, simply because it had not yet approved her application. This argument must be rejected. The Board confuses the issue of the substantive qualifications of a faculty member with the question of when a promotion of a qualified faculty member will be effective.[2] The Board's position, furthermore, is contrary to Article VI 3d of the agreement which only refers to when the requirements are *earned* rather than *approved. Cf. Board of Education v. Schmidt* (1978), 64 Ill. App. 3d 513, 515, 381 N.E.2d 400.

■ The Board's final contention is that the arbitrator's award interferes with the Board's nondelegable duty to control its budget by determining the timing of salary adjustments that are necessarily linked to promotion decisions. The Board primarily relies upon *Board of Education v. Chicago Teachers Union* (1981), 88 Ill. 2d 63, 430 N.E.2d 1111, a case which is inapposite. There, the supreme court held that the Board's act of closing schools one day early was in compliance with its statutory powers and constituted a lawful exercise of its discretionary power under the difficult economic circumstances involved therein. (88 Ill. 2d 63, 72-73.) The Board's discretionary power to control budgetary considerations (*Board of Education v. Chicago Teachers Union* (1981), 88 Ill. 2d 63, 72; see *Bond v. Board of Education* (1980), 81 Ill. 2d 242, 248, 408 N.E.2d 714) in no way precludes enforcement of back pay as a remedy for breach of a valid contract. (See *Bessler v. Board of Education* (1977), 69 Ill. 2d 191, 198-99, 370 N.E.2d 1050; *Board of Trustees v. Cook County College Teachers Union* (1976), 62 Ill. 2d 470, 480-82.) The principle of nondelegability of public authority simply does not apply in the case at bar. We conclude

---

[2]The Board suggests that if it had granted Vidovic a promotion but made the effective date later than her next anniversary date, September 1, 1979, an arbitrator would have the necessary authority to award back pay. The Board appears to concede, therefore, at least under certain circumstances, that the question of when a promotion will become effective is different than the question of qualifications.

that the provisions of Article VI 3d, a paragraph freely bargained for and negotiated by the parties, are arbitrable and judicially enforceable. The decisions of the arbitrator and the circuit court, that the fixed date of promotion agreed to by the parties was when the credit is earned, is in accord with the contract language and therefore must be upheld.

For the given reasons, the judgment of the circuit court is affirmed.

Affirmed.

STAMOS, P.J., and DOWNING, J., concur.