THE BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT No. 508, Plaintiff-Appellee, v. THE FEDERATION OF COLLEGE CLERICAL AND TECHNICAL PERSONNEL, LOCAL 1708, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 83—2972

Opinion filed March 13, 1987.

Mark L. Schwartzman and Alan M. Goldberg, both of Chicago, for appellants.

Murray & Girard, Ltd., of Chicago (Michael J. Murray and Richard E. Girard, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Defendants, The Federation of College Clerical and Technical Personnel (Federation) and seven Chicago city college employees, appeal an order of the circuit court of Cook County that a clause in a collec-

tive-bargaining agreement between Federation and plaintiff, the board of trustees of Community College District No. 508 (the board), was void and that the board's termination of five defendant employees and transfer of two defendant employees was not subject to binding arbitration. The dispositive issue presented for review is whether the termination and transfer of the city college employees was arbitrable.

The board and Federation entered into a collective-bargaining agreement which covered the period 1978 to June 1985. Among the subjects in the agreement were employment conditions, salaries, promotions, insurance, fringe benefits, seniority and longevity (article XIII) and grievance procedures (article IV). In 1982 the board received notice that its State appropriation of funds for the 1982-83 fiscal year would be reduced. This reduction amounted to an unexpected revenue loss to the city colleges of Chicago which the board had not anticipated when its budget was adopted. Letters were sent by the chancellor to employees, including the seven defendant clerical and technical employees, advising them that the chancellor was recommending to the board that their services be terminated. The chancellor sent a second letter to the defendant employees stating that his recommendation for reducing the work force had been approved. Thereafter, five defendant employees were terminated from their temporary jobs and two defendant employees who held temporary jobs were reassigned to their previous career service positions. Unlike other employees who were terminated or returned to their certified positions, defendant employees filed a notice of arbitration with the American Arbitration Association. The board moved to quash service but this motion was denied by the American Arbitration Association. The board then filed in the circuit court of Cook County a complaint for a stay of arbitration and declaratory judgment, a motion for a preliminary injunction, and a motion for summary judgment. The defendants also filed a motion for summary judgment.

The board's motion for summary judgment was granted. The trial court found void and unenforceable a provision of the collective-bargaining agreement between the board and Federation which provided for binding arbitration of the termination of five defendant employees, article XIV(B)(3). The court's order also stated that article XIV(B)(3) was void and unenforceable to the extent it provided for binding arbitration of the transfer of two defendant employees to their career service positions and the elimination of the temporary positions they previously held. Article XIV(B)(3) provides in part:

"Grievance Procedure

It is the declared objective of the Union and the Board to encourage the prompt and informal resolution of complaints of em-

ployees as they arise and to provide recourse to orderly procedures for the satisfactory adjustments of complaints.

\* \* \*

B. General Procedures

3. Arbitration

(a) A grievance which was not resolved at the level of the Chancellor under the grievance procedure may be submitted by the Union to an arbitrator for decision if it involved the application or interpretation of this agreement."

Federation and defendant employees contend before this court that compliance with the arbitration agreement regarding the reduction in work force was arbitrable and that the board failed to adhere to the agreement's procedures. We affirm.

We initially note that five defendant employees, Mildred Merriwether, Janis Green, Claudette Smith, Mildred Lathan and Eric Leftridge, were temporary employees and were not certified in career service positions. Defendant employees Sandra Dora and Patricia Burke held temporary positions in which they were not tenured. When the board abolished their temporary assignments, Dora and Burke were returned to the certified career service positions they previously held.

The board's actions were taken pursuant to the Public Community College Act (Ill. Rev. Stat. 1985, ch. 122, par. 101—1 et seq.), which provides that the board has the authority to employ personnel and to establish policies governing their employment and dismissal. Section 3—30 of the Act states:

"The board of any community college district has the powers enumerated in Sections 3—31 through 3—43. [(Ill. Rev. Stat. 1985, ch. 122, pars. 103—31 through 103—43.).] This enumeration of powers is not exclusive but the board may exercise all other powers, not inconsistent with this Act, that may be requisite or proper for the maintenance, operation and development of any college or colleges under the jurisdiction of the board." (Ill. Rev. Stat. 1985, ch. 122, par. 103—30.)

Section 3—25 states that the board has the authority:

"To adopt and enforce all necessary rules for the management and government of the colleges of its district." Ill. Rev. Stat. 1985, ch. 122, par. 103—25.

Pursuant to the board's statutory authority to adopt and enforce all necessary rules for the management and government of the colleges of its district, the board adopted rules which were in effect at the time the three-year agreement was entered into between the board and Federation. Board Rule 2—21(b)(6) states that temporary career service

personnel may be dismissed by the board at any time. It reads as follows:

"The Board may terminate the services of a non-tenured career services employee during the probationary period, a career services exempt employee, or a noncareer services temporary appointee, or a noncareer services employee at any time without any statement of reasons and without a hearing."

Defendants contend that the three-year agreement between the board and Federation gave the defendant employees a seniority right to continued employment, that the termination of their employment was arbitrable, and that the board did not follow article XIII(A)(4) of the collective-bargaining agreement, which provides:

"Reduction in force shall be effected by normal attribution where feasible. Relative competence, efficiency or abilities to do the work shall always be factors to be applied by the Colleges when reductions in force are necessary. However, a competent, able and efficient employee in a particular classification affected by curtailment of operations, abolition of a job or reduction in force shall be accommodated in the following order of priority to the extent possible under Career Service procedure:

a. Placed at the same college or work location in an open position for which the employee is qualified;

b. Replace employee with the shortest seniority in the same classification at the same college or work location;

c. Replace employee with the shortest seniority in the same classification elsewhere in the City Colleges of Chicago;

d. Replace employee with the shortest seniority in a classification previously held by the affected employee in the order prescribed by subparagraph b and c above."

Defendants' contention, however, is contrary to the well-established rule in Illinois that a school board has discretionary power regarding the employment of nontenured personnel.

In *Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7, the plaintiff association and the defendant board entered into a collective-bargaining agreement which set forth the procedures for teacher evaluations. The board terminated the employment of a full-time probationary teacher who was completing his second consecutive school term without following the procedures set forth in the agreement. The supreme court noted that the School Code authorized the board to terminate the employment of teachers by dismissal or the nonrenewal of probationary teachers' contracts and that these were discretionary

powers and could not be delegated. 62 Ill. 2d 127, 130, 340 N.E.2d 7.

■ The board in the instant case exercised its statutory power pursuant to section 3—42 of the Public Community College Act to establish policy for the dismissal of employees by providing in Board Rule 2—21(b)(6) that nontenured employees can be dismissed at any time. When the legislature gives a community college board of trustees discretionary powers, such as whether to rehire or dismiss a nontenured teacher, the power may not be delegated. Thus, the courts will refuse to compel arbitration when the arbitrator would be required to perform one of the board's discretionary duties. *Fleischer v. Board of Community College District No. 519* (1984), 128 Ill. App. 3d 757, 761, 471 N.E.2d 213.

The issue of the nondelegability of the board's power regarding the dismissal of nontenured teachers in the city colleges of Chicago was presented in *Board of Trustees v. Cook County College Teachers Union, Local 1600* (1976), 62 Ill. 2d 470, 343 N.E.2d 473. In that case, school officials recommended that the board terminate eight nontenured teachers. The defendant union and the board had entered into a collective-bargaining agreement which sets forth a procedure whereby eligible faculty members were to evaluate nontenured teachers according to published criteria and were to make a recommendation regarding future employment.

The union filed grievances on behalf of several teachers who were dismissed by the board. The union contended that the board had not followed the collective-bargaining procedures in the agreement. The grievances were denied, arbitration was requested by the union, and the case was docketed by the American Arbitration Association and set for hearing. Prior to the hearing the board filed a petition for declaratory relief in the circuit court of Cook County. The court ruled that if the arbitrator found noncompliance with the collective-bargaining agreement he could order the board to comply with the evaluation procedure but that the arbitrator could not grant employment contracts as a remedy. The union appealed and the appellate court affirmed.

On appeal, the supreme court held that the arbitrator could not award employment contracts to the dismissed teachers and could not require the board to comply with contract procedures specified in the agreement prior to dismissal of the nontenured employees. The court ruled that its decision in *Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7, was controlling and stated:

"The Board [in *Illinois Education Association*], without complying with the evaluation procedure, decided not to renew a

teacher's employment contract. Actions of that Board were governed by the School Code, which imposed upon the Board the duty to appoint teachers (Ill. Rev. Stat. 1973, ch. 122, par. 10—20.7), and empowered it to terminate the employment of teachers by dismissal or the nonrenewal of probationary teachers' contracts [citation]. We held that these powers were discretionary and could not be delegated, and that a termination in compliance with the statute was valid notwithstanding a failure to comply with the evaluation provisions of the collective bargaining agreement.

In our judgment, the holding in *Illinois Education Association* controls the result in this case. We adhere to our position there stated that *the Board's duties in appointing teachers are nondelegable, and it follows therefrom that the arbitrator is without authority to award an employment contract as a remedy for the violation of a collective bargaining agreement." Board of Trustees v. Cook County College Teachers Union, Local 1600* (1976), 62 Ill. 2d 470, 476, 343 N.E.2d 473. (Emphasis added.)

The court further stated that under the School Code neither the duty to appoint teachers nor the power to dismiss them was delegable. 62 Ill. 2d 470, 479, 343 N.E.2d 473.

In the case at bar the termination of five defendant employees and the reassignment of two defendant employees involved positions in which the employees had not achieved tenure status and were only temporary employees. Five defendant employees were dismissed from employment and two were returned to their certified positions. Such temporary, nontenured employment was subject to the Public Community College Act, which provides that the board has nondelegable power to dismiss employees.

In *Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, 430 N.E.2d 1111, the board entered into a collective-bargaining agreement with the teacher's union but had a budget deficit of funds during the school year. As a result, the board approved the superintendent's recommendation for a layoff of certain education personnel. The union contended that the collective-bargaining agreement prevented the board from laying off personnel without pay. After its grievance concerning the economic layoff was denied, the union sought arbitration. In an action for declaratory and injunctive relief filed by the board, the circuit court enjoined arbitration. The union filed a counterclaim for breach of contract and the trial court held that the board was liable for breach of the agreement by imposing the economic layoff. The appellate court affirmed.

The supreme court reversed and held that the school board had discretionary power to impose an employee layoff for economic reasons which could not be restricted by the collective-bargaining agreement and stated:

"In *Illinois Education Association v. Board of Education* [(1975), 62 Ill. 2d 127, 340 N.E.2d 7], this court reversed the trial court's decision in part, notwithstanding the lower court's holding that the arbitrator could not grant employment contracts as a remedy. This court reversed because the trial court held that an arbitrator could require a reevaluation in accordance with the terms of the collective bargaining agreement. [Citation.] The emphasis of this court's opinion was not on a third party (the arbitrator) being the object of the delegation of the board's power to renew a teaching contract, but on the impropriety of subordinating the board's power to the terms of a collective bargaining agreement." *Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, 70-71, 430 N.E.2d 1111.

The court upheld the layoff due to a shortage of funds and further stated:

"Just as the board had discretionary power, derived from the [School] Code, to terminate employees in *Illinois Education Association v. Board of Education and Board of Trustees v. Cook County College Teachers Union*, the Code empowers the Board to control budgetary considerations * * *. Like the powers granted by the Code in the above two cases, the Board's powers here are discretionary unto itself and may not be delegated." 88 Ill. 2d 63, 72, 430 N.E.2d 1111.

The board's decision in the case at bar to discharge the five defendant employees and to abolish the temporary positions of two defendant employees was due to a reduction in State funds which the board had not anticipated when the parties entered into the collective-bargaining agreement or when the board adopted its annual budget for the 1982-83 fiscal year. The Public Community College Act empowered the board to control budgetary considerations and provided for employee dismissals, as the board did by enacting Board Rule 2—21(b)(6). The board's authority is discretionary unto itself and may not be delegated. (88 Ill. 2d 63, 72, 430 N.E.2d 1111.) As stated in *Board of Education v. Chicago Teachers Union, Local 1*:

"In neither of the above cases [*Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7; *Board of Trustees v.*

*Cook County College Teachers Union, Local 1600* (1976), 62 Ill. 2d 470, 343 N.E.2d 473] did this court construe the board's agreeing to a provision allowing for classroom evaluation before a teacher could be terminated as an exercise of its discretionary power to hire teachers and to terminate their employment. Rather, the court concluded the contract provision had no effect on the discretionary powers granted to the board by the School Code." *Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, 71.

A school board has maximum flexibility regarding nontenured employees. (*Kuykendall v. Board of Education* (1982), 111 Ill. App. 3d 809, 813, 444 N.E.2d 766.) The board exercised its statutory authority pursuant to the Public Community College Act and Board Rule 2—21(b)(6), which sets forth the board's dismissal policy. The board rules have the force of law. (*Tyska v. Board of Education* (1983), 117 Ill. App. 3d 917, 923, 453 N.E.2d 1344.) A provision in the three-year agreement between the board and Federation which conflicts with such rule is unenforceable under the "conformity to law" clause in article XVI(A) of the agreement, which states:

"If any provision of this Agreement is or shall at any time be contrary to law, then such provision shall not be applicable or performed or enforced, except to the extent permitted by law."

Thus, a procedure for a reduction in employees in article XIII(A)(4) of the agreement cannot negate the previously adopted Board Rule 2—21(b)(6), which has the force of law, nor can the agreement be read in isolation of the board rules. The agreement must be interpreted in light of the preexisting board rule regarding temporary nontenured employees. Defendants' contention in this regard must fail.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and LORENZ*, J., concur.

---

*Justice Mejda participated in the oral argument in this case. Justice Lorenz was substituted, listened to the tape of the argument and read the briefs.