BOARD OF EDUCATION SOUTH STICKNEY SCHOOL DISTRICT NO. 111, COOK COUNTY, Plaintiff-Appellant, *v.* ROBERT MURPHY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-1728

Opinion filed January 12, 1978.

David P. Kula, of Anthony Scariano & Associates, P. C., of Chicago Heights, for appellant.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County, denying a motion for summary judgment made by the Board of Education, South Stickney School District Number 111 (hereinafter called "the Board"). The Board originally brought suit in the circuit court seeking to vacate an arbitrator's award, as contrary to law. The court below considered the matter upon the parties' cross motions for summary judgment, entered an order denying the Board's motion and affirmed the arbitrator's award by granting the motion for summary judgment made by Robert Murphy and the Southwest Suburban Teacher's Union (hereinafter called "the defendants").

The issue presented for review is whether a provision of a collective bargaining agreement between the Board and the defendants, whereby the Board promised to grant a minimum number of sabbatical leaves, is enforceable, in the face of a specific statute which grants the Board the discretionary power to award a sabbatical leave only upon a finding by the Board the leave would benefit the school district.

On January 25, 1973, the defendant, Robert Murphy, applied for a sabbatical leave for the 1973-1974 school year, pursuant to the terms of a collective bargaining agreement then in force between the Board and defendant Teacher's Union, and further pursuant to the Illinois School Code section on sabbatical leaves (Ill. Rev. Stat. 1973, ch. 122, par. 24—6.1). Mr. Murphy is a certified classroom teacher in the Board's School District. The stated purpose of his sabbatical leave was to "* * * complete courses needed to meet the requirements for a state certificate in counseling and guidance." The request for sabbatical leave was denied by the Board for budgetary reasons, and because the Board did not need any more counselors, as all counselor positions were filled.

The defendants filed a grievance alleging the sabbatical leave section of the collective bargaining agreement had been violated.

The collective bargaining agreement in question provides, in pertinent part:

## "ARTICLE III. *GRIEVANCE PROCEDURE*

The jurisdiction of the Arbitrator shall be expressly limited to disputes involving the application of this Agreement, the construction or interpretation of this Agreement and the application of existing Board policy. Within his jurisdiction, the decision of the Arbitrator shall be binding on the parties. The Arbitrator shall have no authority to add to, delete from, or change the terms of this Agreement.

\* \* \*

## ARTICLE VI. *LEAVES-SABBATICAL LEAVES*

Section 15. (a) Leaves may be granted to a maximum of twelve (12) teachers per year. A minimum of two (2) teachers will be granted sabbatical leave if all other conditions of this Section are met.

(b) A sabbatical leave committee will be formed by the Superintendent and the Union. This committee will consist of: the Superintendent; an elementary school administrator, and elementary (K-6) teacher, a junior high teacher and a special education teacher. The Superintendent will chair the committee; he will not serve in a voting capacity. The committee's recommendations will be purely advisory and will not be binding on the Board, except as outlined in Section 15(a) above.

\* \* \*

## ARTICLE X. *AGREEMENT*

*Section 1.* The terms of this Agreement shall not apply where inconsistent with constitutional, statutory, or other legal provisions."

The applicable Illinois statute is section 24—6.1 of the Illinois School Code, which provides, in pertinent part:

"Every school board may grant a sabbatical leave of absence \* \* \*. The grant of a sabbatical leave by a school board shall constitute a finding that the leave is deemed to benefit the school system by improving the quality and level of experience of the teaching force.

\* \* \* The leave shall be conditional upon a plan for resident study, research, travel or other activities proposed by the applicant and deemed by the board to benefit the school system, which plan shall be approved by the board and not thereafter modified

without the approval of the board." Ill. Rev. Stat. 1973, ch. 122, par. 24—6.1.

The defendants contend the collective bargaining agreement required the Board grant at least two sabbaticals each year. The Board heard the defendants' grievance and denied same, whereupon the defendants filed a demand for arbitration. The Board responded by filing suit in the circuit court, seeking a stay of arbitration. Upon cross motions for summary judgment, the court ordered the matter be submitted to an arbitrator for the determination of all issues, and the grievance was therefore presented to arbitrator Albert Epstein, Esq., of the American Arbitration Association. The arbitrator found the instant matter was "arbitrable" and proceeded to find that, while the requirements of the School Code (ch. 122, par. 24—6.1) must be met as a condition precedent to the granting of a sabbatical leave, namely, a finding by the Board that the leave sought would benefit the School District, said requirement was met by the action of the "Sabbatical Leave Committee." The arbitrator found the Sabbatical Leave Committee acted "as a clearly defined agent for the Board * * *," and "the Board exercised its authority through the action of the Sabbatical Leave Committee * * *," and thereby satisfied the conditions of the School Code. The Board was directed to grant the defendant Murphy a sabbatical leave for the 1975-1976 school year.

Subsequent to the subject award, the Board filed suit in the circuit court of Cook County, seeking to vacate the arbitrator's award as, *inter alia*, illegal and in excess of his power. The court below considered this matter on the parties' cross motions for summary judgment, briefs, and oral argument, and, on October 7, 1977, entered judgment for the defendants, affirming the arbitrator's award.

Issues similar to the one presented have been decided by the Illinois Supreme Court and we believe those opinions are controlling.

■■ According to the majority of the Illinois Supreme Court in *Illinois Education Association Local Community High School District No. 218 v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7, and in *Board of Trustees v. Cook County College Teachers Union, Local 1600* (1976), 62 Ill. 2d 470, 343 N.E.2d 473, contractual provisions which limit or delegate discretionary functions which are specifically imposed upon the Board of Education by the School Code (Ill. Rev. Stat. 1975, ch. 122), are unenforceable against the Board.

In *School District No. 218* the Board of Education entered into a collective bargaining agreement which provided the discharge of any teacher shall be preceded by an evaluation of that teacher's performance. The Illinois Supreme Court held this requirement of a performance evaluation unenforceable, as the powers of the Board of Education to terminate a teacher's employment (Ill. Rev. Stat. 1969, ch. 122, par. 24—

11) may not be restricted or expanded by a collective bargaining agreement.

In *Union Local 1600* the court held the Board of Education's power of faculty promotions (Ill. Rev. Stat. 1973, ch. 122, par. 103—42) is a nondelegable power which it cannot be compelled to submit to arbitration, and a collective bargaining agreement so providing would be an impermissible delegation of the Board's authority to grant or deny promotions.

■■ By the above interpretation of the School Code, the Board, as a matter of law, does not have the power to delegate its discretionary duty to award sabbatical leaves. The arbitrator's finding, therefore, that "the Board exercised its authority through the action of the Sabbatical Leave Committee" is erroneous as a matter of law and should have been reversed by the circuit court.

■■■ The defendants' claim, even in light of the foregoing rationale, the arbitration award is enforceable on the theories of promissorial estoppel, quantum meruit and unjust enrichment. These claims, however, do not justify the arbitrator's award. Once having found the subject matter of the contract is illegal, or the party sought to be estopped is without legal authority to contract, then the equitable theories claimed are inapplicable with regard to enforcement of that provision. Moreover, those (such as the defendants) who deal with public entities are charged with knowledge of the ability or inability of the public entity to engage in the transaction at issue (see generally *DeKam v. City of Streator* (1925), 316 Ill. 123, 146 N.E.2d 550). The defendants' theories of estoppel, quantum meruit and unjust enrichment are thwarted by the policy of charging the defendants with the knowledge of the Board's inability to contract away its discretionary power and award sabbatical leaves.

For the foregoing reasons, the summary judgment of the circuit court of Cook County in favor of the defendants is hereby reversed, the arbitrator's award is hereby vacated, and judgment is hereby entered for the Board on its petition for summary judgment.

Reversed.

JOHNSON, P. J., and LINN, J., concur.